**Doris R. COLLINS, Plaintiff-Appellant,**

v.

**UNITED AIR LINES, INC.,**
**Defendant-Appellee.**

**No. 74–2077.**

United States Court of Appeals,
Ninth Circuit.

April 16, 1975.

595

Thomas J. Collins, Seattle, Wash., for appellant.

J. Paul Coie, of Perkins, Coie, Stone, Olsen & Williams, Seattle, Wash., for appellee.

## OPINION

Before KOELSCH, BROWNING and GOODWIN, Circuit Judges.

KOELSCH, Circuit Judge:

Doris R. Collins, a former stewardess for United Air Lines, brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., to redress her involuntary resignation compelled by United's once-held policy requiring its stewardesses to resign or be terminated upon marriage. The district court dismissed the case for Collins' failure timely to file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). She appeals and we affirm.

The relevant facts are these: On May 20, 1967, three days after her marriage, Collins resigned her stewardess position in conformity with United's then-existent "no marriage" policy. On November 7, 1968, United discontinued that policy and, by agreement with the collective

bargaining agent of its stewardesses, consented to reinstate all stewardesses terminated under the policy who had previously filed a union grievance or a complaint with the EEOC or applicable state agency. Collins had taken none of these steps.

Nearly three years later, by letter dated October 19, 1971, Collins requested that United "reinstate . . . [her] to full status as a stewardess, with full seniority and back pay." United refused, and on November 22, 1971 Collins filed a charge of discrimination with the EEOC alleging she had been discriminated against based on her sex.

■ Section 706(d) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(d), as written at the time the charge was filed,[1] required an aggrieved person not utilizing a state remedy to file a charge with the EEOC within 90 days after the alleged unlawful employment practice occurred. The satisfaction of this statutory requirement is a necessary prerequisite to commencement of a court action under the statute. See Griffin v. Pacific Maritime Association, 478 F.2d 1118, 1120 (9th Cir. 1973), cert. denied, 414 U.S. 859, 49 S.Ct. 69, 38 L.Ed.2d 109 (1973); Cunningham v. Litton Industries, 413 F.2d 887, 889 (9th Cir. 1969). Cf. Wong v. Bon Marche, 508 F.2d 1249 (9th Cir. 1975); Gates v. Georgia-Pacific Corporation, 492 F.2d 292, 294–295 (9th Cir. 1974).

■ Collins contends that here the 90-day filing requirement is satisfied because the alleged violation is a continuing one. See Pacific Maritime Association v. Quinn, 491 F.2d 1294, 1296, n. 6 (9th Cir. 1974). We are not persuaded.

We cannot accept Collins' argument that her continuing nonemployment as a stewardess resulting from the alleged unlawful practice is itself a violation of the Act. Under the statute, it is the alleged unlawful act or practice—not merely its effects—which must have occurred within the 90 days preceding the filing of charges before the EEOC.[2] Were we to hold otherwise, we would undermine the significance of the Congressionally mandated 90-day limitation period.

■ Nor can we accept Collins' further argument that United's denial of her request for reinstatement during the 90-day period preceding her filing of charges was a new and separate discriminatory act or somehow rendered the initial violation, if any, a continuing one. In this context, a request for reinstatement is wholly different from a new application for employment—it seeks to redress the original termination. As the Third Circuit aptly stated in a labor context in NLRB v. Textile Machine Works, 214 F.2d 929, 932 (3d Cir. 1954):

"A discharged employee who seeks to be *reinstated* is really litigating the unfairness of his original discharge because only if the original discharge was discriminatory is he entitled to be reinstated as if he had never ceased working for the employer. The word *reinstatement* must be employed in this connection as the equivalent of uninterrupted employment. * * * The concept of a discriminatory refusal to hire is a different concept. If a person—whether a former employee or not—applies for employment and discriminatorily is refused employment * * *, the employer has committed a

---

1. The 90-day period was extended to 180 days by a 1972 amendment to the statute. See Act of Mar. 24, 1972, Pub.L. No. 92–261, § 4, 86 Stat. 104, amending 42 U.S.C. §§ 2000e–5(d) and (e) (1964). However, this amendment is irrelevant to our disposition of this appeal since (1) it took effect long after the alleged unlawful practice had occurred and the charge had been filed, and (2) no significant event occurred during the expanded period which

did not occur during the 90 days immediately preceding the filing of the charge.

2. We express no opinion on the question whether a charge filed within 90 days of United's discontinuance of the "no marriage" policy would have satisfied the requirement, i. e., whether the continued existence of that policy may have constituted a continuing violation as to Collins. See Loo v. Gerarge, 374 F.Supp. 1338, 1340 (D.Hawaii 1974).

separate and distinct unfair * * * practice." (Emphasis in original.) *See also* NLRB v. McCready and Sons, Inc., 482 F.2d 872, 874–875 (6th Cir. 1973).

Affirmed.