Sue **KENNEDY** et al., Plaintiffs,

v.

**BRANIFF AIRWAYS, INC., and Air Line Pilots Association, International, Defendants.**

Civ. A. No. CA-3-75-0206-D.

United States District Court,
N. D. Texas,
Dallas Division.

Nov. 20, 1975.

Timothy A. Duffy, Jordan, Ramsey & Hill, Dallas, Tex., for plaintiffs.

G. William Baab, Mullinax, Wells, Mauzy & Baab, Inc., Dallas, Tex., Michael E. Abram, Cohen, Weiss & Simon, New York City, for Air Line Pilots Assn.

Amos N. Moses, Jr., Dallas, Tex., for Braniff.

## MEMORANDUM OPINION AND ORDER

ROBERT M. HILL, District Judge.

Braniff Airways, Inc., (hereinafter "Braniff") and Air Line Pilots Association, International (hereinafter "ALPA"), defendants, have filed motions to dismiss the complaint of the plaintiffs, Sue Kennedy, Jeanie Oliver and Barbara Burnet. The court has considered the motions, the pleadings, and the arguments of counsel and is of the opinion that the motions should be sustained.

The plaintiffs bring this action against Braniff and ALPA alleging that their Title VII rights under the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, have been violated in that Braniff required them to accept lesser-paying non-flight positions when they married and ALPA failed to properly represent their interests in the matter. All three plaintiffs were married and resigned from their flight positions prior to the effective date of Title VII, (July 2, 1965) and each was then employed in a non-flight position. Plaintiffs Kennedy and Oliver resumed flight jobs after the effective date of Title VII. Plaintiffs seek lost wages, retirement, seniority, and other employment benefits allegedly lost due to Braniff's practice of requiring women to take non-flight jobs when they married.

The issue before the court is whether the plaintiffs' claims have been timely brought. The following facts are undisputed: Kennedy served as a flight attendant for Braniff from November, 1960 until August 1962; Oliver served in a similar capacity from April, 1964 to April, 1965; and Burnet served in a similar capacity from March, 1960 until March, 1962. Kennedy resumed a flight attendant job in November, 1966, and so did Oliver in November, 1969. Kennedy and Oliver filed charges with the Equal Employment Opportunity Commission (hereinafter "EEOC") on March 11, 1973. Burnet has remained in a non-flight job and has never filed charges with the EEOC.

Defendants urge common grounds for their motions: first, that the alleged discrimination occurred before the effective date of the Act; second, that Kennedy and Oliver failed to timely file a charge of discrimination with EEOC as required by 42 U.S.C. § 2000e-5; and third, that Burnet's failure to file any charge with the EEOC bars her claim.

To counter defendants' timeliness arguments plaintiffs contend that the basis of their complaint is not the original act of forcing them to give up their

flight attendant jobs but, rather, Braniff's refusal to restore to them their seniority rights which were lost because of their forced change in employment status. This refusal to restore seniority rights, plaintiffs argue, is an act which occurred after the effective date of the Act and "continues," affecting many facets of plaintiffs' day-to-day livelihood. For the purposes of a determination on these motions the court accepts as true plaintiffs' allegation that Braniff has refused them seniority credit for either their service time as flight attendants prior to their forced resignation or for the time during their imposed absence from flight status.

■ The court concludes that plaintiffs' argument must be rejected despite its beguiling appeal. The problem with the plaintiffs' position is that it proves too much.[1] Virtually any violation may be construed as a continuing one. *Griffin v. Pacific Maritime Association*, 478 F.2d 1118 (9th Cir. 1973); *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 (8th Cir. 1975); *Stroud v. Delta Air Lines, Inc.*, 392 F.Supp. 1184 (N.D.Ga. 1975), but see footnote 1 of the opinion. For example, a refusal to hire may be characterized as an act that continues until the person is hired; the same may be said for the refusal to promote. The

doctrine, if not sharply circumscribed, may be used to undermine the statutorily imposed limitations. The court has not been able to fashion a logically satisfactory stumbling block to the doctrine's effects upon the limitations policies.[2] If the plaintiffs' characterization of their case is correct, all seniority systems will be subject to challenge on the basis of alleged acts of discrimination that occurred prior to the effective date of the Act.

The plaintiffs' complaint harks back inextricably to the original practice of forcing married women to resign flight attendant positions, a practice which, the court assumes, has ended. Plaintiffs' complaint asks the court to consider the discriminatory nature of the practice, regardless of the limitations concerns.[3] No doubt the practice has continuing effects, but the statutory policies underlying the limitations provisions cut off complaints about the allegedly discriminatory practice at some point. In this case the Act was not even in effect at the time the triggering act took place.[4]

Even if the court were to accept the plaintiffs' characterization of the discriminatory act as the refusal to restore to them their seniority rights, the court is of the opinion that the time for filing

---

1. See *Collins v. United Air Lines, Inc.*, 514 F.2d 594 (9th Cir. 1975). The features that distinguish this case from *Collins* are that the plaintiffs here remained with the company and the discharge in *Collins* took place after the effective date of the Act. *See also Buckingham v. United Air Lines*, 11 FEP Cases 344 (C.D.Cal.1975). In *Buckingham*, the court found that terminations or transfers of flight attendants were "completed acts" at the time they occurred.

2. It has been suggested that the continuing violation doctrine could be limited to present employees. *Olson, supra* at p. 1234. This possible limitation would serve to distinguish many of the cases the court has cited. The ultimate question is whether the distinction warrants the vast difference in treatment requested by the plaintiffs. This court has been unable to justify the delineation except on the practical grounds that it would reduce the number of possible claims.

3. The Act requires that charges be filed with the EEOC within one hundred and eighty days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e).

Also, the complaint was not filed within the time required by the relevant state statute of limitations. V.A.C.S. art. 5526 *Johnson v. Goodyear Tire & Rubber Co.*, 491 F.2d 1364, 1379 (5th Cir. 1974).

4. See *Dobbins v. Local 212 International Brotherhood of Electrical Workers AFL–CIO*, 292 F.Supp. 413, 443 (D.C.Ohio 1968). The case refers to the legislative history by Senators Clark and Case that indicates Congressional concern about the retroactive application of the Act, with particular reference to seniority systems. Also see 88 Harv.L.Rev. 1544, "Last Hired, First Fired Layoffs and Title VII" (May 1975), footnote 104.

charges under the Act began to run in the case of Kennedy and Oliver when they reassumed their flight position in November, 1966 and November 1969 respectively. At that point they were surely put on notice of Braniff's seniority policies. *Griffin, supra.*

Although the refusal to restore plaintiffs to their full seniority status occurred after the effective date of Title VII, plaintiffs failed to satisfy the filing requirements of § 2000e–5. Furthermore, the court is of the opinion that this is not the type of case that warrants the exercise of the court's equity powers in remedying the effects of past discrimination. Burnet, is in a slightly different position from Kennedy and Oliver as to the court's reading of the filing requirements, but the court is of the opinion that the Act requires her to file a charge with the EEOC before she can maintain this complaint.

The failure of plaintiffs' claim against Braniff similarly undermines their claim against ALPA.

For the foregoing reasons, it is ordered and adjudged that the motion to dismiss filed by the defendants is sustained and that this case is dismissed.