Mildred POPKIN, Plaintiff-Appellant,

v.

NEW YORK STATE HEALTH AND MENTAL HYGIENE FACILITIES IM-PROVEMENT CORPORATION, De-fendant-Appellee.

No. 80, Docket 76–7167.

United States Court of Appeals, Second Circuit.

Argued Oct. 20, 1976.

Decided Dec. 15, 1976.

Floyd S. Weil, New York City (Milton Kean, New York City, of counsel), for plain-tiff-appellant.

Joan P. Scannell, Deputy Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen., State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for defendant-appel-lee.

Before SMITH, OAKES and TIMBERS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Mildred Popkin appeals from an order of the United States District Court for the Southern District of New York, Lloyd F. MacMahon, *Judge*, dismissing her com-plaint, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Proce-dure. We affirm.

Appellant was employed as an architect by the New York State Health and Mental Hygiene Facilities Improvement Corpora-tion ("the Corporation"). In November,

1970 she was notified that her employment would be terminated as of January 15, 1971. Appellant instituted this action under Title VII alleging that the termination was an act of discrimination based on her sex. Jurisdiction was based on 42 U.S.C. § 2000e *et seq.* and 28 U.S.C. § 1332. The district court dismissed the complaint on the ground that the Corporation was a "political subdivision" of New York State and was therefore excluded from coverage of 42 U.S.C. § 2000e *et seq.* prior to March 24, 1972.[1] The 1972 amendments to Title VII, extending coverage of the Act to political subdivisions, were held by the district court not to have retroactive effect.

◼ The Corporation was created by the Health and Mental Hygiene Facilities Improvement Act as a "corporate governmental agency constituting a public benefit corporation." McKinney's Unconsol.Laws §§ 4402, 4404. Appellant contends that because under New York law her employer is classified as a public benefit corporation and not as a political subdivision, the Corporation was not excluded from Title VII coverage before 1972 under 42 U.S.C. § 2000e(b). We disagree. Title VII does not provide that the terms of the federal statute are to be construed according to state law. Title 42 U.S.C. § 2000e–7 merely provides that state laws prohibiting employment discrimination will remain in effect. In the absence of a plain indication to the contrary by Congress, the application of a federal act is not dependent on state law. *Jerome v. United States*, 318 U.S. 101, 104,

63 S.Ct. 483, 87 L.Ed. 640 (1943). Congressional intent concerning coverage of Title VII and the actual nature of appellee's relationship to the state determine whether or not the Corporation was covered by Title VII before 1972.

◼ The Equal Employment Opportunity Act of 1972 was designed to broaden jurisdictional coverage of Title VII by deleting the existing exemptions of state and local government employees and of certain employees of educational institutions. The bill amended the Civil Rights Act of 1964 to include state and local governments, governmental agencies, and political subdivisions within the definition of "employer" in 42 U.S.C. § 2000e(b). H.R.Rep.No.92–238, 92nd Cong., 2d Sess., *reprinted in* 1972 U.S. Code Cong. & Ad.News 2137, 2152. The conference report of the Senate Amendment to H.R. 1746, which was adopted by the conference, stated explicitly that the Senate Amendment "expanded coverage to include: (1) State and local governments, governmental agencies, political subdivisions . . . ." *Id.* at 2180. The 1964 House Report on the Civil Rights Act of 1964, on the other hand, refers to the exclusion from the term "employer" of "all Federal, State, and local government agencies. . . ." 1964 U.S.Code Cong. & Ad. News 2402. Until 1972, state agencies as well as political subdivisions were exempt from Title VII. Under the terms of the Mental Hygiene Facilities Development Corporation Act, "state agencies" include public benefit corporations.[2]

---

1. Section 701(b) of Title VII, the Civil Rights Act of 1964, P.L. 88–352 as enacted provided in relevant part:

> (b) The term "employer" means a person engaged in an industry affecting commerce who has twenty-five or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or a State or political subdivision thereof. . . .

In 1972 § 701(b), 42 U.S.C. § 2000e(b) was amended as follows:

> (b) The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in section 2102 of Title 5). . . .

2. McKinney's Unconsol.Laws § 4403(17) contains the following definition:

> "State agency" means any officer, department, board, commission, bureau division,

The term "political subdivision" is not defined in 42 U.S.C. § 2000e *et seq.* as such, but in 1970 the EEOC had adopted criteria used to define political subdivisions under the National Labor Management Relations Act, 29 U.S.C. § 152(2), which exclude political subdivisions of states from the definition of employer. The case involved a multistate educational agency which claimed exemption from Title VII as a "political subdivision." The EEOC adopted the NLRB test as set forth in *NLRB v. Natural Gas Utility District of Hawkins,* 402 U.S. 600–605, 91 S.Ct. 1746, 29 L.Ed.2d 206 (1970), and *NLRB v. Randolph Electric Corp.,* 343 F.2d 60 (4th Cir. 1965). The Commission held that the agency was a "political subdivision" created directly by the contracting states, existed solely for their mutual benefit, and performed a function traditionally performed and administered by the state governments. 1973 Empl.Prac.Dec. (CCH) ¶ 6182 (No. 71–405, Nov. 5, 1970).

The district court's finding that the appellee was a political subdivision was clearly proper and in compliance with these standards. The Corporation was created directly by the state under the Mental Hygiene Facilities Development Corporation Act in 1968. McKinney's Unconsol.Laws § 4401 *et seq.* Its directors are the Commissioner of Health, the Commissioner of Mental Hygiene and three persons appointed by the Governor with the advice and consent of the Senate. All five directors are subject to removal by the Governor (§ 4404). The directors must submit an annual report to the Governor and to state agencies and officials detailing the Corporation's yearly

activities (§ 4415). All money and property of the Corporation is exempt from taxation (§ 4413), and all its financial matters are strictly prescribed by statute (§§ 4409, 4410). Appellant's claim that the Corporation was not exempt from Title VII has no support in either state or federal law.[3]

The 1972 amendments to Title VII have no retroactive effect where they create new substantive rights. In *Weise v. Syracuse University,* 522 F.2d 397 (2d Cir. 1975), we noted that "[t]he manifest injustice of such *ex post facto* imposition of civil liability is reflected in the general rule of construction that absent clear legislative intent statutes altering substantive rights are not to be applied retroactively." 522 F.2d at 411 (citations omitted). Relying on *Weise,* we refused to give the 1972 amendments retroactive effect in *Monell v. Department of Social Services,* 532 F.2d 259 (1976), cert. granted on other grounds, —— U.S. ——, 97 S.Ct. 807, 50 L.Ed.2d 789, (1977). *Monell* involved a suit for back pay against the City of New York and the board of education for discrimination which occurred prior to 1972. The court held that entirely new substantive rights had been created for city employees under Title VII.[4] The court in *Monell* distinguished *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), in which retroactive effect had been given to § 717 of Title VII, 42 U.S.C. § 2000e–16(c), where federal employees were the plaintiffs. Section 717 was viewed as merely a procedural section, affording no new substantive rights. *Monell,* 532 F.2d at 262.[5]

public benefit corporation, agency or instrumentality of the state.

**3.** On March 29, 1973, the Equal Employment Opportunity Commission issued a determination that the Corporation was an employer within the meaning of Title VII and that reasonable cause existed to believe that appellant had been discriminated against on the basis of her sex. The EEOC evidently overlooked the fact that although the Corporation was subject to Title VII in 1973, the alleged discrimination against appellant predated the passage of the 1972 amendments to Title VII which extended

coverage to employees of "political subdivisions."

**4.** See also *Cleveland Board of Education v. LaFleur,* 414 U.S. 632, 638, 94 S.Ct. 791, 39 L.Ed.2d 52 n. 8 (1973); cf. *Puntolillo v. New Hampshire Racing Comm'n,* 390 F.Supp. 231 (D.N.H.1975) (giving retroactive effect to 1972 amendments).

**5.** Although, until 1972, Title VII excluded the United States from the definition of "employer," it included a specific proviso declaring it to be the policy of the United States to insure

Appellant had no substantive rights under Title VII before the 1972 amendments were enacted. No federal constitutional rights have been asserted. The district court's refusal to give the 1972 amendments to Title VII retroactive effect was correct. *Weise, Monell, supra.*

Affirmed.

---

equal employment opportunity for federal employees and directing the President to utilize his existing authority to effectuate this policy. P.L. 88–352 § 701(b) (1964).

No comparable provision for state employees was included in Title VII prior to 1972. State employees could however assert constitutional rights under the fourteenth amendment against state agencies or municipalities, immune under 42 U.S.C. § 1983, by invoking federal jurisdiction under 28 U.S.C. § 1331 or § 1332. *City of Kenosha v. Bruno,* 412 U.S. 507, 514, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Reeves v. City of Jackson,* 532 F.2d 491, 495 (5th Cir. 1976); *Amen v. City of Dearborn,* 532 F.2d 554, 559 (6th Cir. 1976); Wright & Miller, *Federal Practice and Procedure,* § 3573 at 500. No fourteenth amendment claim has been raised by appellant here.