Ms. Sharon HAZELGROVE, Plaintiff,

v.

**FORD MOTOR COMPANY, FORD PARTS DIVISION, Defendant.**

Civ. A. No. 75–0231–R.

United States District Court,
E. D. Virginia,
Richmond Division.

On Motion For Summary Judgment
Feb. 1, 1977.

Robert B. Fitzpatrick, Wash., D. C., Robert B. Wallace, Alexandria, Va., Kenneth V. Farino, Richmond, Va., Geoffrey J. Vitt, Cohen, Vitt & Anand, Alexandria, Va., for plaintiff.

Francis V. Lowden, Jr., Hunton & Williams, Hill B. Wellford, Jr., A. W. Vander-Meer, Jr., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, a former employee of the defendant Ford Motor Company, brings this action under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, to redress alleged sexually discriminatory employment practices engaged in by the defendant. Plaintiff seeks monetary and injunctive relief. Jurisdiction is premised upon 42 U.S.C. § 2000e–5(f). The matter comes before the Court on the defendant's motion for summary judgment. The issue has been briefed and argued by counsel for all parties and, accordingly, it would appear ripe for disposition.

The plaintiff was hired by Ford on September 8, 1969 as a salaried key punch operator. At some point in 1970, the plaintiff became pregnant. She met with her supervisor, Mr. Ferguson, on or about February 15, 1971 to discuss the date upon which she was to commence her maternity leave. Mrs. Hazelgrove contends that Mr. Ferguson arbitrarily selected the commencement date while the defendant, on the other hand, submits that the date was mutually agreed upon. In any event, Mrs. Hazelgrove was medically forced to leave work on March 24, 1971, and gave delivery to a son the following day. On May 4, 1971, the plaintiff indicated she desired to return to work. Pursuant to Ford's policy in this regard, Mrs. Hazelgrove was told she needed a doctor's certificate before she could return to work. Although such a certificate was obtained on May 10, 1974, Mrs. Hazelgrove was not reinstated. The facts are undisputed that this was due to a general reduction in force which necessitated the termination of one position. On June 24, 1971, the plaintiff was placed on layoff status effective May 10, 1971. On July 28, 1971, the defendant issued to Mrs. Hazelgrove a check which contained on its face the letters "TERM". Another check was issued to the plaintiff on August 2, 1971 which contained the letters "SEV". Plaintiff received and endorsed both checks which were deposited in a joint bank account no later than August 9, 1971. On February 16, 1972, the plaintiff sent an unsworn handwritten charge of discrimination to the Equal Employment Opportunity Commission (EEOC). This charge was later perfected. The EEOC issued a right to sue letter on May 14, 1975, and this action was filed the following day.

The plaintiff's substantive allegations focus on Ford's maternity policies. Specifically, the plaintiff challenges (1) Ford's alleged policy of arbitrarily selecting a commencement date for maternity leave without regard to differing abilities to work;

(2) Ford's policies concerning pregnancy disability which allegedly materially differ from other nonsex linked disabilities; and (3) Ford's policies concerning the employment of persons returning from maternity leave.[1] The defendant's motion for summary judgment is premised upon the submission that the plaintiff did not file a charge with the EEOC within 90 days of the occurrence of the alleged discrimination and, hence, the complaint must be dismissed as untimely.[2] *See, e. g., Collins v. United Airlines, Inc.,* 514 F.2d 594 (9th Cir. 1975); *Olson v. Rembrandt Printing Co.,* 511 F.2d 1228 (8th Cir. 1975) (en banc). The defendant maintains that the 90-day filing period commenced to run on May 10, 1971, at which time the plaintiff unsuccessfully sought to be reinstated by Ford. The plaintiff maintains, on the other hand, that she filed her charge within 90 days of reasonably becoming aware of the facts that would support a charge of discrimination. This, it is argued, is sufficient to render a charge timely. *See, e. g., Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924 (5th Cir. 1975). Secondly, the plaintiff argues that her layoff status generated certain reinstatement rights sufficient to give her standing to challenge ongoing policies at Ford. These reinstatement rights, it is contended, place the plaintiff in a situation analogous to that of a job applicant. This latter group of persons have been deemed able to challenge employment practices applicable only to incumbent employees. *See, e. g., Carr v. Conoco Plastics, Inc.,* 423 F.2d 57 (5th Cir. 1970).

The plaintiff seeks to invoke the equitable principles enunciated in *Reeb v. Economic Opportunity Atlanta, Inc., supra,* to avoid a dismissal of this action as being untimely filed. In that opinion, the Court held "that the ninety-day period did not begin to run . . . until the facts that would support a charge of discrimination under Title VII were apparent or should have been apparent to a person with a

1. The complaint also raises an issue concerning Ford's promotional and job placement policies. This issue has not been addressed by either party in connection with the instant motion.

2. The 90-day period in effect during the time period pertinent to this action has since been enlarged to 180 days by legislative amendment. 42 U.S.C. § 2000e–5(e).

reasonably prudent regard for his rights similarly situated to the plaintiff." *Reeb v. Economic Opportunity Atlanta, Inc., supra,* 516 F.2d at 931. A threshold issue to the matter at bar is whether the heretofore quoted principle is a correct statement of law and, if so, whether it is applicable on the facts of the instant case. The bedrock of the *Reeb* rationale is the analogy drawn between the statutory 90-day filing period and a statute of limitations. A limitations period is susceptible to more flexible construction than our statutes which confer subject matter jurisdiction. *Compare American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 17–18, 71 S.Ct. 534, 95 L.Ed. 702 (1951) *with Glus v. Brooklyn E. Dist. Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959). While the United States Court of Appeals for the Fourth Circuit has not commented on this precise issue, it has viewed the time period in which charges of discrimination must be filed is akin to statutes of limitations. *See Williams v. Norfolk & Western Railway Co.,* 530 F.2d 539, 542 (4th Cir. 1975). Indeed, our Court of Appeals has exhibited a consistent tendency to construe the time limitations contained in Title VII in such a way as to effectuate the statute's broad remedial purposes and take recognition of the practical realities of a statutory enforcement mechanism which must be triggered by "laymen operating without legal assistance." *Garner v. E. I. DuPont de Nemours & Co.,* 538 F.2d 611, at p. 614 (4th Cir. 1976), quoting *Coles v. Penny,* 174 U.S.App.D.C. 277, 531 F.2d 609, 614 (1976). *See also EEOC v. Cleveland Mills Co.,* 502 F.2d 153 (4th Cir. 1974).

Several courts have permitted equitable modifications of the filing time period of Title VII and other similar statutes. *Laffey v. Northwest Airlines, Inc.,* No. 74–1791, Sl.Op. pp. 88–89 (D.C.Cir. Oct. 20, 1976). *East v. Romine, Inc.,* 518 F.2d 332, 336 n. 3 (5th Cir. 1975); *Anisgard v. Exxon Corp.,* 409 F.Supp. 212 (E.D.La.1975); *EEOC v. Nich-*

*olson File Co.,* 408 F.Supp. 229 (D.Conn. 1976); *Skoglund v. Singer Co.,* 403 F.Supp. 797 (D.N.H.1975). *Cf. Moses v. Falstaff Brewing Corp.,* 525 F.2d 92 (7th Cir. 1976); *Coles v. Penny, supra,* 531 F.2d at 614 n. 13. This Court is of a similar view. *See Briggs v. Brown & Williamson Tobacco Corp.,* 414 F.Supp. 371, 378 (E.D.Va.1976).

Whether the plaintiff may avail herself of the *Reeb* doctrine is dependent upon whether she knew or should have known of the facts which would support a charge under Title VII.[3] This involves both objective and subjective awareness. There is no doubt that Mrs. Hazelgrove knew or should have known of all the pertinent facts relating to the allegations of an involuntary early maternity leave and Ford's discriminatory pregnancy disability policies more than 90 days before filing her charges with the EEOC. Mrs. Hazelgrove has acknowledged in affidavits that the commencement of her maternity leave and the benefits to which she was entitled were discussed with her at two meetings in February and March of 1971. The Court would, therefore, be inclined to dismiss these allegations as being time barred were it not for the further allegation that there are pending proceedings of a similar nature before the EEOC. These pending charges may, of course, affect the viability of Mrs. Hazelgrove's claims, depending on the degree of similarity and their dates of filing. *See American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); *Burwell v. Eastern Air Lines, Inc.,* 394 F.Supp. 1361, 1366–67 (E.D.Va.1975). *See also, Albemarle Paper Co. v. Moody,* 422 U.S. 405, 414 n. 8, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975) and cases cited therein. Accordingly, a dismissal at this juncture would be inappropriate.

The claims stemming from the plaintiff's termination present different problems. The plaintiff submits that she was not aware of two facts needed to support a

---

**3.** The Supreme Court recently ruled that the 180-day period applies to actions pending at the time of the effective date of the amendment. *Guy v. Robbins & Meyers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). Ac-

cordingly, the Court must determine whether the plaintiff knew or should have known of the facts which would support a charge under Title VII more than 180 days prior to her filing a charge with the EEOC.

charge of discrimination until sometime within the 90-day filing period. First, Mrs. Hazelgrove alleges that she was not, nor should have been aware that she was terminated from Ford effective May 10, 1971. Secondly, it is submitted that she was not informed of the reason which prompted her layoff. With regard to these contentions, it should be noted that Mrs. Hazelgrove was placed on layoff because of a general reduction in force. Layoffs prompted by a reduction in force are made according to seniority. Had the plaintiff been on a short term medical leave of absence—as opposed to maternity leave—when the reduction of force was ordered, her seniority would have secured her position.

Whether the plaintiff knew or should have known of either of these facts is confused on the state of the instant record. It does appear that some of Ford's normal termination procedures were not followed in this case and that maternity leave may last up to one year. These two factors support the plaintiff's contention that she reasonably believed that she was on an extended maternity leave of absence rather than having been terminated. On the other hand, Ford's maternity policy appears to call for the expiration of maternity leave at the time the employee notifies the Company that she is able and willing to return to work. At that point, if the employee is not placed within 30 days, the employee is put on layoff and is entitled to severance pay. Moreover, it is stipulated that Mrs. Hazelgrove received and cashed two checks from Ford that contained the markings "TERM" and "SEV" respectively. While it is alleged that the plaintiff believed these checks to represent accrued vacation pay, it appears that the sums of the checks substantially exceed that to which she would be entitled for vacation pay.

The extent of Mrs. Hazelgrove's knowledge concerning her status with Ford is largely dependent on a number of factors. The question forefront in the Court's view

of the issue is whether normal termination procedures, including notification and processing, were followed in the instant case. Secondly, and closely related, it is not clear whether employees of Ford knew or should have known that their maternity leave expired upon indicating a desire and ability to return to work. Finally, the Court deems pertinent the substance of the conversations between the plaintiff and Ford personnel which took place in February and March of 1971. Without the further factual development of these issues, the Court is unable to conclude that the plaintiff knew or should have known of the facts which would support a charge of discrimination more than 90 days prior to her filing with the EEOC. Accordingly, the Court will continue the defendant's motion under advisement.[4]

The Court's disposition renders it unnecessary to rule on the soundness of the plaintiff's second theory. It should be noted, however, in cases where charges filed by an employee on layoff, have been deemed timely, there generally has been some material conduct occurring during the layoff period. *See, e. g., Cox v. United States Gypsum Co.,* 409 F.2d 289 (7th Cir. 1969). *Compare Terry v. Bridgeport Brass Co.,* 519 F.2d 806 (7th Cir. 1975). *See also Collins v. United Air Lines, Inc.,* 514 F.2d 594 (9th Cir. 1975); *Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1234 (8th Cir. 1975) (en banc); *Moore v. Sunbeam Corp.,* 459 F.2d 811, 827–28 (7th Cir. 1972). The plaintiff has cited no authority to support her contention that reinstatement preferences alone enable her to challenge practices which affected her more than 90 days prior to her filing a charge with the EEOC. The cases are virtually uniform in holding that the continuing discrimination doctrine does not apply to persons who left the defendant's employment and did not file a charge of discrimination with the EEOC within the appropriate time period. *Laffey v. Northwest Airlines, Inc.,* No. 74–1791, Sl.Op. p. 84 (D.C.Cir. Oct. 10, 1976); *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239, 246 (3d Cir.

---

4. The Court's opinion herein is not intended to preclude the defendant from any legal argument concerning which facts a person would

need to be cognizant of to support a charge of illegal employment practices.

1975); *Terry v. Bridgeport Brass Co.,* 519 F. 2d 806, 808 (7th Cir. 1975); *Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1233–1234 (8th Cir. 1975); *Collins v. United Airlines,* 514 F.2d 594, 596–597 (9th Cir. 1975); *King v. Seaboard Coast Line R.R. Co.,* 538 F.2d 581, 583 (4th Cir. 1976).

An appropriate order will issue.

## MEMORANDUM

### ON MOTION FOR SUMMARY JUDGMENT

Plaintiff, a former employee of the defendant Ford Motor Company, brings this action under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.,* to redress alleged sexually discriminatory employment practices engaged in by the defendant. Plaintiff seeks monetary and injunctive relief. Jurisdiction is attained pursuant to 42 U.S.C. § 2000e–5(f).

The Court for the reasons stated in the Memorandum Opinion filed October 28, 1976 denied the defendant's motion for summary judgment as to the timeliness of the plaintiff's action. The Court in that Memorandum concluded that the plaintiff's claims relating to Ford's alleged policy of arbitrarily selecting the commencement date for maternity leave and Ford's allegedly discriminatory pregnancy disability policy were not timely filed. The Court declined to dismiss these claims, however, because of the representations made by counsel for the plaintiff that proceedings pending before the EEOC raised similar issues. It was the view of the Court that these pending charges could affect viability of the instant plaintiff's claims depending on their date of filing and degree of similarity. *See American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); *Burwell v. Eastern Airlines,* 394 F.Supp. 1361, 1366–67 (E.D.Va. 1975). The defendant has now moved the Court to reconsider its refusal to dismiss the admittedly untimely claims.

■ Upon reflection, the Court agrees with the defendant that these claims should be dismissed. The Court's original ruling was premised upon the doctrine that the filing of a timely charge by a class representative obviates the need of class members to so file. Thus, it may develop that the charges pending before the EEOC to which plaintiff's counsel has heretofore made reference will ripen into a class action which would include the plaintiff as a class member. In this action, however, there is only one plaintiff and it is to her claims that the Court must look in order to determine its jurisdiction. Whether the plaintiff may be entitled to relief awarded in a class action based on *another* person's timely charge is an issue better left to the resolution of the Court that hears any such class action, should one evolve. The plaintiff's claims referenced above are time barred in this action. The Supreme Court's recent decision in *Guy v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427, 45 U.S.L.W. 4068 (1976) does not alter this conclusion as Ms. Hazelgrove's claims concerning commencement of her maternity leave and benefits arose more than 180 days prior to her filing a charge with the EEOC.

■ The Court's opinion of October 28, 1976 expressed concern as to whether the claim pertaining to employment of persons returning from maternity is also time barred. The factors germane to determining the reasonableness of the plaintiff's asserted ignorance of her being laid-off are discussed in the Court's earlier opinion and need not be repeated here. Having again reviewed the materials filed by both parties, the Court is still unable to summarily dispose of this issue. The Court adheres to its previous position that an evidentiary hearing on this matter is appropriate.

Authority for such a procedure may be found in Rule 43(e), Fed.R.Civ.P. and Rule 56, Fed.R.Civ.P. *See generally* 10 Wright & Miller, Federal Practice and Procedure § 2723 (1973); 6 Moore's Federal Practice ¶ 56.11[1–6] (2d ed. 1976). While this practice is generally to be discouraged, the Court believes it to be appropriate in the instant case. Discovery relating to the question of timeliness has been completed and therefore a hearing can be expeditious-

ly scheduled. Final resolution of the timeliness issue would substantially simplify a trial on the merits, should one be necessary. It has been represented to the Court, moreover, that preparation for a trial on the merits has been impeded by the pending motion for summary judgment. In short, the Court believes that a hearing on the timeliness issue would expedite the case and is required in the interest of justice.

Finally, the Court rejects the plaintiff's argument that she may avail herself with a continuing discrimination doctrine in order to escape dismissal of this action. *See Laffey v. Northwest Airlines, Inc.,* No. 74–1791, Sl.Op. p. 84 (D.C.Cir. Oct. 10, 1976); *King v. Seaboard Coast Line Railroad Co.,* 538 F.2d 581, 583 (4th Cir. 1976); *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239, 246 (3d Cir. 1975); *Terry v. Bridgeport Brass Co.,* 519 F.2d 806, 808 (7th Cir. 1975); *Olson v. Rembrandt Vending Co.,* 511 F.2d 1228, 1233–1234 (8th Cir. 1975); *Collins v. United Airlines,* 514 F.2d 594, 596–597 (9th Cir. 1975).

An appropriate order will issue.

### ORDER

In accordance with the Memorandum of the Court this day filed, and deeming it proper so to do, it is ADJUDGED AND ORDERED that

(1) the defendant's motion for summary judgment concerning Ford's alleged policies of arbitrarily selecting the commencement date of maternity leave and Ford's pregnancy disability insurance policy be, and the same are hereby, granted and judgment on this issue is entered for the defendant;

(2) the defendant's motion for summary judgment concerning Ford's allegedly illegal termination policies for employees on maternity leave be, and the same is hereby, denied;

(3) all of the plaintiff's pending motions for protective orders be, and the same are hereby, denied;

(4) the defendant's motion to quash the plaintiff's notice to take depositions of EEOC representative Theodore Carter and David Copus and the request for production of documents contained therein, be and the same is hereby, granted.

Counsel are directed to confer and attempt to resolve any outstanding discovery disputes in conformity with the memorandum of the Court. Counsel are further directed to secure from the Court a mutually agreeable date at which time the Court will hear evidence pertaining to whether the plaintiff knew or should have known of the facts necessary to support a charge of illegal employment practice stemming from her discharge.