Victor C. SCAMMEL, Plaintiff-Appellant,

v.

CITY OF DALLAS, Defendant-Appellee.

No. 77–2409

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 10, 1978.

**956**

James M. Beggs, Don T. Cates, Dallas, Tex., for plaintiff-appellant.

Lois C. Bacon, Asst. City Atty., Lee E. Holt, City Atty., Dallas, Tex., for defendant-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

Victor C. Scammel retired on May 8, 1970, after twenty-four years with the City of Dallas, and at age 51. Under the city's retirement plan then in effect he would begin drawing his retirement pay at the age of 60, whereas a woman who retired at the same time could begin drawing her retirement pay at age 55. After Title VII was amended to include city and local government employees in 1972, Scammel presented, and the city denied, his claim for benefits at age 55 as provided for in the retirement plan amended to conform to the Title VII changes.

After processing his claim through the Equal Employment Opportunity Commission (E.E.O.C.), which found reasonable cause to believe a city violation, Scammel filed suit against the city pursuant to 42 U.S.C. § 2000e, et seq. He argued that: (1) because he became age 55 after the 1972 amendments, a ruling in his favor would not amount to a retroactive application of the act despite the fact of his 1970 retirement; and (2) the payment of retirement benefits to him beginning at age 55 would be "an avoidance of past discriminatory policies and procedures".

The district court granted summary judgment for the city, noting that to award Scammel the benefits he sought would necessitate a retroactive increase in the city's retirement funding, and also, significantly, Scammel had never worked for the city while Title VII was in effect. We affirm.

In sex discrimination cases the 1972 amendments have been applied prospectively only. See *Popkin v. N. Y. State Health and Mental Hygiene Facilities*, 2 Cir. 1976, 547 F.2d 18, cert. denied, 432 U.S. 906, 97 S.Ct. 2950, 53 L.Ed.2d 1078 (1977); *Zichy et al. v. City of Philadelphia*, E.D.Pa. 1975, 407 F.Supp. 841; *Kennedy v. Braniff Airways, Inc.*, N.D.Tex.1975, 403 F.Supp. 707. Moreover, recently the United States Supreme Court has furnished guidelines for this case in *Califano v. Webster*, 430 U.S. 313, 97 S.Ct. 1192, 51 L.Ed.2d 360 (1977), which held that a plaintiff, who had retired before equal computation of age eligibility for benefits was made available to men and women by the 1972 amendment to the Social Security Act, had not suffered discrimination on grounds of age because of the nonretroactive application of the statute.

JUDGMENT AFFIRMED.