**E. L. THOMAS, Sr., Plaintiff,**

v.

**BLUE CROSS BLUE SHIELD OF NORTH CAROLINA, Defendant.**

**No. C–77–147–D.**

United States District Court,
M. D. North Carolina,
Durham Division.

May 15, 1978.

R. Kent Brown, Charlotte, N. C., for plaintiff.

John J. Doyle, Jr., and William W. Sturges, Charlotte, N. C., for defendant.

## MEMORANDUM OPINION

GORDON, Chief Judge.

This matter is before the Court for a determination of the defendant's motion for summary judgment. After a thorough consideration of the facts in this case, the briefs of counsel and their arguments to the Court, the Court concludes that the defendant's motion for summary judgment should be allowed.

On March 28, 1977, the plaintiff instituted this age discrimination action against his former employer Blue Cross Blue Shield of North Carolina alleging that he was unlawfully discharged from his job with the defendant on account of his age. 29 U.S.C. § 621, *et seq.* The jurisdiction of this Court is invoked under 29 U.S.C. § 626(c) and 29 U.S.C. § 216(b). According to the allegations in the complaint, the plaintiff was born on July 18, 1911, and began working for the defendant in September of 1952. Thereafter, the plaintiff worked for the defendant until his final discharge on January 13, 1976, at age 64. On September 9, 1977, the defendant moved for summary judgment on the ground that the plaintiff has failed to comply with the notice provisions of 29 U.S.C. § 626(d).

As previously mentioned, the plaintiff instituted this action pursuant to the provisions of the Age Discrimination in Employment Act of 1967. 29 U.S.C. § 621, *et seq.* Section 623(a) of the Act provides, in part, that "[I]t shall be unlawful for an employer . . . to discharge any individual . . . because of such individual's age . . . ." 29 U.S.C. § 623(a)(1). To effectuate the broad remedial purposes of the Act, section 626(c) grants to individuals a private right of action against their employers to secure compliance with the prohibitions set forth in the Act. 29 U.S.C. § 626(c). However, before an individual may commence an action under the Age Act, a private litigant must also comply with the notice provisions contained in 29

U.S.C. § 626(d). In this regard, section 626(d) provides, in part, that:

"No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—(1) within one hundred and eighty days after the alleged unlawful practice occurred . . . ." 29 U.S.C. § 626(d)(1).

Whether viewed as a jurisdictional prerequisite to suit or merely as a statute of limitations, it is quite clear that the plaintiff, in order to survive the defendant's motion for summary judgment, must establish that he gave the Secretary of Labor notice of his intention to file this action within 180 days after the alleged unlawful practice occurred.

In the present case, the undisputed facts disclose that the plaintiff was informed on December 30, 1975, that he was being terminated for poor job performance. The record further reveals that the plaintiff was finally discharged on January 13, 1976. With the exception of certain monthly retirement checks in the amount of $503.22, the plaintiff has not received any other payments from the defendant since February 16, 1976. The payments the plaintiff received from the defendant between January 13, 1976, and February 16, 1976, represented payment for his services up to January 13, 1976, plus a retirement award, accrued vacation pay, accrued petty leave pay, severance pay and accrued travel expenses. Presently, the only matter in dispute concerning the termination of the plaintiff's employment benefits consists of the plaintiff's claim that he was retained on the defendant's group insurance policy through July of 1976. The plaintiff filed his notice of intent to sue with the Secretary of Labor on November 10, 1976.

Upon the foregoing facts, the defendant asserts that the plaintiff's action should be dismissed for failure to file a timely notice of intent to sue within 180 days after the alleged unlawful practice occurred; to wit, the plaintiff's discharge from his job with the defendant. In response to the defendant's position that his notice was not filed within the appropriate time limits, the plaintiff contends: (1) that the 180 days notice period did not start to run until he was dropped from the defendant's group insurance policy in July of 1976, and (2) that even if the Court should find that his final termination occurred at an earlier time, the Court should toll the time period for filing notice because he was not aware of the 180 day notice requirement until after he consulted an attorney in November of 1976.

In construing the legal effect of the notice provisions set forth in 29 U.S.C § 626(d), some courts have held that the timely filing of notice with the Secretary is a jurisdictional prerequisite to suit under the ADEA. *Hiscott v. General Electric Co.*, 521 F.2d 632 (6th Cir. 1975); *Powell v. Southwestern Bell Tel. Co.*, 494 F.2d 485 (5th Cir. 1974); *McCrickard v. Acme Visible Records, Inc.*, 409 F.Supp. 341 (W.D.Va. 1976). On the other hand, other courts have viewed the 180 day notice period as a statute of limitations subject to being tolled in the appropriate case. *Moses v. Falstaff Brewing Corp.*, 525 F.2d 92 (8th Cir. 1975); *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976). Within the Fourth Circuit, the Court is unable to find any decisions bearing directly on the issue. However, in evaluating cases arising under the provisions of Title VII, the Fourth Circuit has tended to view the notice provisions of that Act as being closely akin to a statute of limitations. *Garner v. E. I. DuPont de Nemours & Co.*, 538 F.2d 611 (4th Cir. 1976); *Williams v. Norfolk & Western Railway Co.*, 530 F.2d 539 (4th Cir. 1975); *Hazelgrove v. Ford Motor Co.*, 428 F.Supp. 1096 (E.D.Va. 1977). In the present case, the Court will not endeavor to decide the question of whether the 180 day notice provision of the ADEA is a jurisdictional element of the plaintiff's case or a statute of limitations. Under either approach, the plaintiff's case must fail. Accordingly, in discussing the issue presented by the defendant's motion for summary judgment, the Court will assume that the 180 day filing period should be treated as a statute of limitations.

■ In his complaint, the plaintiff asserts that he was discharged from his job on account of his age. Therefore, the unlawful employment practice which forms the basis for this suit arises solely out of the plaintiff's discharge from his job on account of his age. Section 626(d)(1) provides that notice of an individual's intention to file an age discrimination action must be given to the Secretary of Labor "within one hundred and eighty days after the alleged unlawful practice occurred . . . ." This being the case, in order for the plaintiff's notice to have been filed in a timely fashion, it must have been given within 180 days after he was discharged from his job. The plaintiff was discharged from his job on January 13, 1976, this being his last day at work. *See, Smith v. University of North Carolina*, No. C–76–362–D (M.D.N.C. Feb. 11, 1977). Accordingly, absent some sufficient reason to the contrary, the Court concludes that the relevant date to be used in determining when the 180 day notice period began to run against the plaintiff in this action is January 13, 1976.

The plaintiff does not dispute the fact that he was told on December 30, 1975, that he was going to be terminated for poor job performance. Moreover, the plaintiff has actually alleged in his verified complaint that he was unlawfully discharged from his job on January 13, 1976. However, in an effort to postpone the accrual date for the 180 day notice period, the plaintiff points to the fact that the defendant continued to pay him his accrued employment benefits after his final discharge, thus extending the effective date of his displacement from his job. The problem with this approach is that all such payments were made by the defendant prior to February 16, 1976, thus failing well outside the 180 day time period immediately preceding the date he actually filed notice of his intention to file this action.

■ The only circumstance the plaintiff has shown which could arguably extend his discharge date into the 180 day notice period is found in his assertion that the defendant continued to maintain him on its group insurance policy through July of 1976. Accordingly, the plaintiff contends that the appropriate date to be used in deciding whether his notice was timely filed falls sometime in July of 1976, thus inside the 180 day notice period required by 29 U.S.C. § 626(d). The Court disagrees. The plaintiff's discharge was consummated when he left his job on January 13, 1976. *Egelston v. State University College at Geneseo*, 535 F.2d 752, 755 (2nd Cir. 1976). The mere fact that the defendant continued to pay the plaintiff the benefits he had accrued during his employment does not alter the fact that the plaintiff was finally discharged from his job on January 13, 1976. *Doski v. M. Goldseker Co.*, 539 F.2d 1326, 1328 n. 3 (4th Cir. 1976). Accordingly, the Court concludes that the plaintiff was terminated on January 13, 1976, and that the subsequent payment of severance allowance and his continued coverage under the defendant's group insurance policy did not extend his employment.

In *Hazelgrove, supra,* an action arising under Title VII of the Civil Rights Act of 1964, Judge Merhige, in determining when the notice period begins to run in a Title VII action, concluded that the time period did not begin to run until the facts supporting a charge of discrimination were apparent or should have been apparent to a person with a reasonably prudent regard for his rights. *Hazelgrove, supra* at 1097–98. While the Court does not adopt this approach for use in an age discrimination action, the Court observes that the plaintiff's case would fail even under this more liberal construction of the accrual date for the notice period in a Title VII action. The plaintiff, or any person of reasonable prudence, would have realized that his discharge was fully effective on January 13, 1976. The defendant's subsequent payment of termination benefits only serves to emphasize this fact.

■ The plaintiff next contends that even if the Court should find that the date of his termination was outside the 180 day notice period, that the notice period should be tolled for equitable reasons. In this

regard, the only reason the plaintiff suggests for tolling the 180 day time period arises out of the fact that he is a layman, not schooled in the practice of law, and was not aware of the 180 day notice requirement until the time he consulted an attorney on November 10, 1976. The plaintiff has not presented any other justification for the late filing of his notice with the Secretary. The Court has examined the plaintiff's position in this regard and concludes that ignorance of the law, without more, is insufficient as a matter of law to toll the 180 day notice period set forth in 29 U.S.C. § 626(d).

Now, therefore, the Court concludes that the undisputed facts in this case establish that the plaintiff has failed to satisfy the notice requirements set forth in 29 U.S.C. § 626(d). Accordingly, the Court concludes that the defendant's motion for summary judgment should be allowed and that this action should be dismissed.

The parties are directed to forthwith prepare a Judgment dismissing this action for presentation to the Court.