Victor GARCIA; David Larriva; Albert McDonald; Victor Sanchez, Plaintiffs–Appellants,

v.

PACIFIC MARITIME ASSOCIATION; International Association Longshoremen & Warehousemen Union; Local 13 International Association of Longshoremen & Warehousemen Union, Defendants–Appellees.

No. 99–55636.

D.C. No. CV–98–09509–AAH.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2000.*

Decided Feb. 7, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2)

Before D.W. NELSON, BRUNETTI, and KOZINSKI, Circuit Judges.

## MEMORANDUM **

Appellants argue that like in *Lewis v. Local Union No. 100 of the Laborers' International Union of North America, AFL–CIO*, 750 F.2d 1368 (7th Cir.1984), in which the Seventh Circuit held that a union's repeated failure to refer a member out for employment was a continuing pattern of illegal conduct, appellees' repeated refusals to reinstate appellants constitutes a continuing violation. However, this case is more analogous to *Collins v. United Air Lines, Inc.*, 514 F.2d 594 (9th Cir.1975), in which we held that a former airline employee claiming wrongful discharge could not circumvent the 90–day limitation period by alleging that the most recent denial of her request for reinstatement was within the limitation period. Instead, we found, "[a] discharged employee who seeks

to be reinstated is really litigating the unfairness of his original discharge." *Id.* at 596 (internal quotations omitted). This reasoning applies equally to the facts of this case: An employee refused retesting and reinstatement who later seeks reinstatement by a court is really litigating the unfairness of the original refusal. This conclusion is not affected by appellants' contention that others who had also failed drug tests were later reinstated, as this was consistent with the rules in effect at the time.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36–3.