**Elijah KING, Appellant,**

v.

**SEABOARD COAST LINE RAILROAD COMPANY et al., Appellees.**

**No. 74–2027.**

United States Court of Appeals, Fourth Circuit.

Argued March 2, 1976.

Decided April 29, 1976.

---

582

Melvin L. Watt, Charlotte, N. C. (Robert Belton, Nashville, Tenn., J. LeVonne Chambers, Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., and Jack Greenberg, New York City, on brief), for appellant.

Frank P. Ward, Jr., Raleigh, N. C. (Thomas F. Ellis, Robert A. Valois, Maupin, Taylor & Ellis, Raleigh, N. C., on brief), for appellee Seaboard Coast Line Railroad Company.

R. Jeffrey Bixler (Richard R. Lyman, Mulholland, Hickey & Lyman, Toledo, Ohio, W. T. Covington, Jr., Kennedy, Covington, Lobdell & Hickman, Charlotte, N. C., on brief), for appellees Brotherhood of Maintenance of Way Employees, AFL–CIO; Sheet Metal Workers' Intern. Ass'n, AFL–CIO; International Brotherhood of Electrical Workers, AFL–CIO; Brotherhood Railway Carmen of the United States and Canada, AFL–CIO; International Association of Machinists and Aerospace Workers, AFL–CIO; Railway Yardmasters of America, AFL–CIO; Brotherhood of Railroad Signalmen, AFL–CIO; American Train Dispatchers Association, AFL–CIO; American Railway and Airway Supervisors Association, AFL–CIO; International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers, AFL–CIO; and International Brotherhood of Firemen and Oilers, AFL–CIO.

John R. Ingle, Craighill, Rendleman & Clarkson, Charlotte, N. C., James L. Highsaw, Highsaw & Mahoney, Washington, D. C., Robert L. Hart, Cleveland, Ohio, Gen. Counsel, United Transportation Union, on brief), for appellees United Transportation Union and its Local 1129 (Harold A. Ross, Ross & Kraushaar Company, Cleveland, Ohio, John T. Allred, Moore & Van Allen,

Charlotte, N. C., on brief, for appellee Brotherhood of Locomotive Engineers.

Before WINTER, RUSSELL and WIDENER, Circuit Judges.

DONALD RUSSELL, Circuit Judge.

The plaintiff, a trainman employed by Seaboard Coast Line Railroad Company, filed a charge with the Equal Employment Opportunity Commission on May 9, 1972. His claim, as stated in his charge, was that at the time of his re-employment in June, 1970, he had been denied his seniority, acquired during his previous employment with the defendant railroad. This denial, he said, was discriminatory because the employer "rehired drunks with full seniority and vacation rights." The EEOC seems to have taken no action on the charge but it did issue a suit letter on behalf of the plaintiff under date May 15, 1973. Following receipt of the suit letter, the plaintiff first sought to intervene in a class action suit filed against the defendant railroad and the collective bargaining agents for its employees by certain former employees of the railroad but his motion to intervene was denied for the reason that his was an individual action and not appropriate for class action. He then filed this suit under Title VII. The defendants moved for summary judgment in their favor and the District Court granted the motion. The plaintiff appeals. We affirm.

■ Title VII is limited in application to discrimination in employment based on race, color, religion, sex or national origin; it does not cover other types of discrimination, however unfair they may be.[1] And one who seeks relief under that Title must, as a prelude to any right to sue, file a charge "in writing" and "under oath" with the EEOC within ninety days after the act of discrimination of which he complains occurred.[2] That charge, enlarged only by such EEOC investigation as reasonably proceeds therefrom, fixed the scope of the charging party's subsequent right to institute a civil suit. The suit filed may encompass only the "discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge."[3] The discrimination stated by the plaintiff in his charge is not based on race or sex nor reasonably related to or like a race or sex discrimination. Because "drunks" were treated more generously than the plaintiff has no resemblance or likeness to a race or sex discrimination. Plaintiff in his charge did not accordingly state a discrimination within the purview of Title VII nor was there an EEOC investigation that could under any theory have enlarged that charge to embrace racial discrimination. Plaintiff's action for this reason does not state a cause of action under Title VII.

■ In the early part of his charge the plaintiff did refer to the fact that he was the first black hired by the defendant railroad as a brakeman and did indicate that on several occasions fellow employees directed at him what he suggests were racial slurs.[4] These references, however, did not lead to the termination of his employment in April 1968, nor were they ever brought to the attention of the defendant railroad, so far as the charge suggests. The termination of his employment resulted from a charge of intentional absence from an investigation concerning his failure to protect his job. He had a right to contest that charge. He failed to do so. In any event, he makes no claim that his discharge in 1968 was racially motivated but, if he did, the claim would be barred for failure to file a timely charge with the EEOC in connection therewith.[5]

1. See, Gilbert v. General Electric Company (4th Cir. 1975) 519 F.2d 661, 663, cert. granted 423 U.S. 822, 96 S.Ct. 36, 46 L.Ed.2d 39 (1975).

2. 42 U.S.C. 2000e–5(b) and (e). The limitations period was increased by the 1972 amendments to one hundred and eighty days.

3. Equal Employment Opportunity Commission v. General Electric (4th Cir. 1976) 532 F.2d 359, 365 (decided January 22, 1976).

4. Cf., Fekete v. United States Steel Corporation (W.D.Pa.1973) 353 F.Supp. 1177, 1186.

5. McDonnell Douglas Corp. v. Green (1973) 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668.

And, under the appropriate statute of limitations, which is three years from the date of the discriminating act complained of,[6] any action under § 1981, 42 U.S.C., if asserted, would be barred.[7]

For the foregoing reasons, the judgment of the District Court is

*AFFIRMED.*

The continuing wrong doctrine has no application to an alleged illegal discharge and the obligation to file the charge under the Act dates from the date of discharge. *Johnson v. Railway Express Agency* (1975) 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295; *Collins v. United Air Lines, Inc.* (9th Cir. 1975) 514 F.2d 594, 596; *N.L.R.B. v. McCready and Sons, Inc.* (6th Cir. 1973) 482 F.2d 872, 874; *National Labor Rel. Bd. v. Textile Machine Works* (3d Cir. 1954) 214 F.2d 929, 932.

6. *Johnson v. Railway Express Agency, Inc., supra,* 421 U.S. at 462–466, 95 S.Ct. 1716; North Carolina General Statutes 1–52(5).

7. *Johnson v. Railway Express Agency, Inc., supra,* 421 U.S. at pp. 462–3, 95 S.Ct. 1716.