Troy E. **ALEXANDER** and John M. **Morrow**, Plaintiffs,

v.

**CANNON MILLS COMPANY,**
**Defendant.**

**No. C–86–521–S.**

United States District Court,
M.D. North Carolina,
Salisbury Division.

Oct. 9, 1986.

Norwood Robinson and William R. Loftis, Jr., Winston-Salem, N.C., for plaintiffs.

Max E. Justice and William L. Brown, Charlotte, N.C., W.A. Coperhaver, Charles F. Vance, Jr., and M. Ann Anderson, Winston-Salem, N.C., for defendant.

Thornton H. Brooks and M. Daniel McGinn, Greensboro, N.C., for non-party deponents.

## DISCOVERY ORDER

PAUL TREVOR SHARP, United States Magistrate.

Plaintiffs Alexander and Morrow initiated this litigation to secure reinstatement and payment of lost wages resulting from defendant's termination of their employment in June 1985. Plaintiffs allege that Cannon Mills Company terminated them because of their age. *See*, 29 U.S.C. § 621, *et seq.* The matter now comes before the Court on a motion to compel discovery filed by plaintiffs.

Plaintiffs request that two non-party deponents, Tony Caviness and Jerry Davis, be compelled to answer certain questions put to them by plaintiffs' counsel upon deposition. Plaintiffs further request that costs be imposed against the deponents pursuant to Rule 37(a), Fed.R.Civ.P., for their refusal to answer the deposition questions. Plaintiffs assert that counsel for Cannon Mills advised the deponents (who were not represented by counsel at the deposition) to refuse to answer the questions and that costs should therefore be imposed against Cannon Mills, as well. Cannon Mills and the non-party deponents (now represented by counsel) have all responded in opposition to the motion. On September 18, 1986, the Court heard the oral argument of counsel.

### A. *The Motion to Compel Deposition Answers*

Upon full consideration of the record, the Court will GRANT the motion to compel. The questions put by plaintiffs' counsel to deponents Caviness and Davis (Caviness Deposition, pp. 79, 101; Davis Deposition, pp. 25, 35) invaded no evidentiary privilege held by either deponent and were not so utterly unrelated to the subject matter of the litigation and outrageous as to justify the deponents' refusal to answer.

The rule in this Circuit with respect to deposition proceedings is clear—deposition questions must be answered, even if objection is made, unless a claim of evidentiary privilege is raised. *See, Ralston Purina Co. v. McFarland,* 550 F.2d 967 (4th Cir.1977); *First Tennessee Bank v. Federal Deposit Insurance Corp.,* 108 F.R.D. 640 (E.D.Tenn.1985). *See also,* Rule 30(c), Fed.R.Civ.P. ("Evidence objected to shall be taken subject to the objection"). *Cf. Eggleston v. Chicago Journeymen Plumbers, etc.,* 657 F.2d 890 (7th Cir.1981), *cert. denied,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). A deponent not relying upon a claim of evidentiary privilege must answer deposition questions or affirmatively act under Rule 30(d), Fed.R.Civ.P., to

move to terminate or limit the examination. *Ralston Purina Co. v. McFarland, supra* at pp. 973–74; *Hanlin v. Mitchelson,* 623 F.Supp. 452, 455 (S.D.N.Y.1985), *aff'd in part, rev'd in part,* 794 F.2d 834 (2nd Cir.1986).

■ The questions put in this case to Caviness and Davis fall into two categories: (1) questions concerning their compensation and bonuses as executive officers of the Wiscassett Mills Company, and (2) questions concerning the type of yarn processed at Wiscassett.[1] Plaintiffs contend that information concerning the present compensation and bonuses of Caviness and Davis, as officers of Wiscassett, is relevant to the subject matter of this litigation and may lead to the discovery of admissible evidence. Plaintiffs assert that the deponents now hold positions at Wiscassett which are the same as, or comparable to, positions held by plaintiffs prior to their termination. (At the time of plaintiffs' termination, Wiscassett was an unincorporated division of Cannon Mills.)[2] Consequently, plaintiffs contend, information regarding the deponents' earnings may be relevant to plaintiffs' claim of damages. Additionally, plaintiffs assert that the amount of compensation and bonuses paid to the deponents may be relevant to the issue of liability in this case. Plaintiffs observe that Cannon Mills, by way of its Third Defense, contends that plaintiffs' termination was part of a general cutback of personnel to reduce business costs. Plaintiffs reason that if Caviness and Davis were (and are) in fact paid *more* than plaintiffs were paid, that information could be probative of the validity of defendant's Third Defense.

It is apparent to the Court that the questions put to the deponents concerning their compensation and bonuses are related to the subject matter of this litigation. Undoubtedly, in order to use the salary information, plaintiffs will have to present evidence at trial which creates a foundation for their contention of comparability—and it is possible that they may never succeed at that task. Nonetheless, the discovery questions remain within the broad range of relevance as that term is defined in discovery procedures. *See,* 8 Wright & Miller *Federal Practice and Procedure: Civil,* § 2008. In any event, the issue before the Court is *not* whether the questions were strictly relevant. Even if "irrelevant," they should have been answered, subject to objection, or the deponents should have moved to terminate the examination.[3] *See, Ralston Purina Co. v. McFarland, supra.*

■ Caviness and Davis rely upon grounds other than asserted irrelevance to justify their refusal to answer questions concerning bonuses and yarn-type. They inform the Court, by way of affidavit, that their employment agreements with Wiscassett prohibit them from making public any information in the agreements, including all financial matters. Further, Davis asserts that information regarding the yarn produced at Wiscassett is confidential business information.

The Court has fully considered the deponents' claims of confidentiality, but concludes that plaintiffs' litigation need for the discovery requested herein outweighs any claim of confidentiality asserted by Caviness and Davis. *See generally, Farnsworth v. The Proctor and Gamble Co.,* 758 F.2d 1545 (11th Cir.1985) (the court should balance the interests of the parties when confidential information is sought from non-parties). While the claim of confidentiality asserted by Caviness and Davis is not so substantial as to relieve them of

**1.** Questions concerning the yarn produced at Wiscassett were directed to deponent Davis only.

**2.** After plaintiffs' termination, Wiscassett was "spun off" as a separate corporation at or near a time in January 1986 when Cannon Mills was sold to Fieldcrest Mills, Inc. The newly formed corporation, Wiscassett Mills Company, is a privately held corporation which, the Court is advised, is controlled by David Murdock.

**3.** The parties have not placed much emphasis in argument to the Court on the questions concerning yarn produced at Wiscassett. Nonetheless, the rule is that the questions should have been answered, subject to objection, or a motion to limit the examination should have been made.

their duty to answer the deposition questions put to them or move to terminate the examination, it is a factor in the Court's consideration of whether costs should be imposed against them under Rule 37(a). (*See,* below.)

For reasons set forth above, the Court concludes that the deposition questions in issue must be answered by Caviness and Davis. The Court further considers that the only effective remedy for the deponents' failure of discovery is the reconvention of their depositions. Pursuant to Rules 26(b)(1) and (c), the Court directs that the renewed depositions shall be taken at a location convenient to, and designated by, plaintiffs' counsel at such time within the discovery period as may be set after discussion by the parties and the deponents. A protective order will be separately entered concerning the treatment of confidential information revealed at the depositions.[4]

### B. *The Motion for Costs Against the Deponents*

■ The motion for an award of costs against Caviness and Davis is DENIED. An award of expenses under Rule 37(a)(4) would be unjust under the circumstances of this case. The deponents were non-parties, unrepresented by counsel. They had never before been deposed. They had serious concerns with respect to confidentiality agreements which they had entered. Further, both deponents provided extensive information during their depositions, including some salary information. No one of these factors, standing alone, would likely be sufficient to cause the Court to deny the motion for expenses, but in combination their weight is substantial. While it is unusual for this Court to deny a motion for expenses in a deposition controversy such as this, the Court will do so in this instance.

### C. *The Motion for Costs Against Cannon Mills*

■ The motion for an award of expenses against Cannon Mills is likewise DENIED. The Court has carefully reviewed the deposition transcripts and the affidavits of Caviness and Davis. If the Court were to find as a fact that counsel for Cannon Mills, although not formally representing the deponents, had advised the deponents not to answer questions or had actually influenced the deponents in their decision not to answer, the Court would hold counsel responsible for the costs of plaintiffs' motion to compel. *See,* Rule 37(a)(4) (The Court may impose expenses against "the party or attorney advising such conduct or both....") Having carefully reviewed the record, the Court determines the facts to be otherwise here. Counsel for Cannon Mills did not affirmatively advise the deponents not to answer while consulting with them. The deponents reached their decisions to refuse to answer for their own reasons, not resulting from advice of defense counsel. Without question, counsel for Cannon Mills tread a narrow path in this case, but the Court finds no expensive misstep. Cannon Mills has filed a cross-motion for costs, which is DENIED since plaintiffs' Rule 37(a) motion was not without substantial justification.

### CONCLUSION

In accordance with the terms set forth above, plaintiffs' motion to compel is GRANTED, plaintiffs' motion for an award of expenses is DENIED, and Cannon Mills cross-motion for expenses is DENIED.

---

4. The Court expects that the parties and deponents will be able to stipulate to the terms of a protective order regarding confidentiality.

Counsel should present a proposed order to the Court before the renewed depositions are held.