**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**THURSTON MOTOR LINES, INC., and Brown Transport Corporation, Defendants.**

**No. C–88–14–G.**

United States District Court, M.D. North Carolina, Greensboro Division.

Jan. 5, 1989.

D. Marvin Jones, Michael H. McGee, Ronald J. Arrington, John H. Edmonds, Humphrey S. Cummings, Sr., E.E.O.C., Charlotte Dist. Office, Charlotte, for plaintiff.

Paul B. Taylor, John C. Miller, W.T. Cranfill, Charlotte, for defendants.

## ORDER

PAUL TREVOR SHARP, United States Magistrate.

This case is now nine months beyond its initial pretrial conference. Discovery should be completed, with the case approaching readiness for trial. Instead, the litigation has hardly moved from the start-

ing gate; no substantial discovery has been accomplished, and the parties disagree fundamentally over even the scope of the lawsuit. Some discovery attempts have been wholly thwarted, without justification, the Court believes. In determining pending motions, the Court now finds itself defining the scope of the lawsuit in two major respects—(1) the validity of "company-wide" claims by the plaintiff, and (2) the status of Brown Transportation Corporation (Brown) as a defendant that is fully subject to discovery. Neither of these issues is so difficult or close that a ruling should have been necessary. Further, the Court finds that it must impose sanctions under Rule 37 for serious discovery defaults.

Plaintiff Equal Employment Opportunity Commission (the Commission) has filed two motions to compel discovery and defendant Thurston Motor Lines, Inc. (Thurston) has filed one. The Court heard the oral argument of counsel on 22 November 1988 at the Federal Courthouse in Greensboro. The Court will address the discovery motions in their order of filing.

█ The Commission's first motion to compel requests definition of the scope of this litigation. The Commission assumes that this action challenges alleged employment practices of Thurston that extended company-wide within Thurston, to all of its terminals and facilities. Defendant Thurston seeks to limit the claim of discrimination to practices at Thurston's Greensboro North Carolina terminal. Having reviewed the record in this case, the Court reaches a conclusion that should have been readily obvious to Thurston—the Commission's claims against Thurston during administrative proceedings and in this action are based upon alleged company-wide policies and are not limited in any fashion to the Greensboro terminal.

The scope of a Title VII action "may encompass only the 'discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge.'" *King v. Seaboard Coast Line*

*R.R. Co.*, 538 F.2d 581, 583 (4th Cir.1976). The Commission's amended complaint in this action clearly includes allegations of discriminatory class practices concerning the assignment of truck drivers. The Commission seeks to "make whole individuals who suffered harm as a result of these practices." (Amended Complaint, Nature of the Action.) The amended complaint includes an allegation that, "the defendant Employers have discriminated against Billy Hadley and other similarly situated employees by engaging in unlawful employment practices at their operations including their Greensboro, North Carolina facility." (Amended Complaint, ¶ 9.) The pleadings in this case obviously call into question company-wide policies. The question remains, however, whether the original EEOC charge or the investigation that reasonably grew out of that charge, dealt with the company-wide practices of Thurston that are described in the complaint.

The Court considers that the EEOC charge filed by Bill Hadley (a Thurston employee at the Greensboro facility) is ambiguous on this point. Hadley's charge is concerned for the most part, not surprisingly, with Hadley's own circumstances in Greensboro. He refers generally to "the company's policy of segregating driving teams," (Charge, ¶ III.C), and charges that "Thurston Motor Lines discriminates against (Blacks) as a class in segregated job assignments," (Charge, ¶ IV). The charging document does not actually mention events other than those alleged to have occurred in Greensboro and does not clearly describe that the policy complained of extends beyond Greensboro.

Since the charging document leaves room for argument concerning the scope of the issues raised, the Court directed the Commission to submit records of its investigation so that the Court could determine if company-wide discrimination was a subject of its investigation growing out of Hadley's charge.[1] The Commission submitted doc-

---

1. The Commission has apparently interpreted the Court's order for submission of these records to mean that the Court intends to deter-

mine if the Commission conducted an "adequate investigation" or had a "reasonable basis" for its determination. (*See* the Commission's "Motion

uments on December 5 (*see* Affidavit of R. Edison Elkins and attached correspondence from Thurston's counsel to the Commission) that show conclusively that the Commission's reasonable inquiry did in fact reach alleged company-wide practices of Thurston. Thurston well knew this fact and was invited to conciliate on the basis of company-wide relief. Accordingly, the Court now finds that the proper scope of this litigation is as described in the amended complaint, encompassing alleged company-wide discriminatory practices by Thurston in determining driver assignments. The litigation is *not* limited to operations at Thurston's Greensboro terminal or to Hadley's individual claim. Therefore, all objections that defendants Thurston and Brown have lodged to discovery by the Commission (First Sets of Interrogatories, Requests for Admission, and Request for Production) that are based on the scope of the issues are OVERRULED. Thurston and Brown (see the discussion which follows) shall provide the discovery requested within thirty (30) days of the date of this order.

The second major issue for determination by the Court is the status of defendant Brown in this litigation. In responding to the Commission's first round of written discovery, Brown objected:

> The charge of discrimination underlying this lawsuit was filed against Thurston Motor Lines, Inc., and the administrative investigation conducted with respect to it was concerned only with that Company, as described in more detail above. Because none of the conditions precedent to a Commission lawsuit have been satisfied with respect to Brown Transport, the Commission has no jurisdiction to litigate with respect to it and, therefore, no standing to conduct discovery concerning this Company and its operations. Moreover, all information the Commission might obtain from Brown Transport would not—and could not—have any bearing on or relevance to the issues the Commission seeks to litigate with respect to Thurston.

> Brown Transport views the foregoing objection as completely exempting it from being a subject of discovery in this lawsuit. Without waiving or diminishing that principal objection, Brown Transport adopts each of the separate objections that Thurston raised, as stated above.

(Plaintiff's Memorandum in Support of its Motion to Compel Discovery, Exhibit A.) For reasons that appear below, Brown's objections to discovery are OVERRULED, and Brown shall within thirty (30) days answer the written discovery already directed to it.

■ In ¶ 5 of the amended complaint, the Commission alleged that Brown "has bought, or merged with defendant Thurston Motor Lines, Inc., and now serves as Thurston's parent company." Thurston and Brown admitted in their answers that Brown has acquired Thurston. Exhibits J and K to the Commission's first motion to compel constitute a showing that the Commission gave notice to Brown of its determination of discrimination with respect to Thurston *before* Brown acquired Thurston. The Commission advised Brown that it was the Commission's position, "that you would be a successor in interest in any subsequent lawsuit." (Plaintiff's Memorandum in Support of its Motion to Compel, Exhibit J.)

■ The Commission is entitled to full discovery of Brown concerning its takeover of Thurston, its continued operations, and its knowledge of relevant practices by Thurston. The amended complaint alleges successor liability on the part of Brown, and the plaintiff may discover facts rele-

---

to Reconsider," filed 5 December 1988.) This was not the purpose for requiring the Commission to submit records, as the Court thought it made clear at the hearing of November 22. Rather, since the Court finds the charge unclear as to the scope of the issues raised, the Court is required to examine documents from the investigation to determine, in accordance with *King v. Seaboard Coast Line R.R. Co.,* whether the reasonable investigation of Hadley's charge did indeed lead to inquiry concerning company-wide policies. The Commission's motion to reconsider is DENIED as moot. The Court finds that the documents submitted by the Commission on December 5 are sufficient for the Court to determine the issues before it. No additional submission is required.

vant to Brown's potential liability in general and to any continuity of operations between Brown and Thurston, in particular. *See Brown v. Evening News Ass'n,* 473 F.Supp. 1242 (E.D.Mich.1979) (successor liability turns on balancing the interests of the plaintiff and national policy of abhorrence toward employment discrimination against the interests of a current operator who has been guilty of no acts of discrimination); *Trujillo v. Longhorn Mfg. Co.,* 694 F.2d 221 (10th Cir.1982) (successor employer is generally liable for predecessor's discrimination if there is continuity of operations); and *Kallmann v. N.L.R.B.,* 640 F.2d 1094 (9th Cir.1981). Brown's general objection to discovery because it was not a party named in the original EEOC charge is thus OVERRULED. The Commission may have discovery of Brown that is fully coextensive with its discovery of Thurston. Short of such discovery, the Commission would have no opportunity to discovery evidence relevant to determination of successor liability. Successor liability turns on such issues as

1) whether the successor company had notice of the charge, 2) the ability of the predecessor to provide relief, 3) whether there has been a substantial continuity of business operations, 4) whether the new employer uses the same plant, 5) whether he uses the same or substantially the same work force, 6) whether he uses the same or substantially the same supervisory personnel, 7) whether the same jobs exist under substantially the same working conditions, 8) whether he uses the same machinery, equipment and methods of production and 9) whether he produces the same product.

*Equal Employment Opportunity Commission v. MacMillan Bloedel Containers, Inc.,* 503 F.2d 1086, 1094 (6th Cir.1974). Further, it appears that Brown has custody and control of Thurston's records, and therefore must be subject to discovery for this additional reason. Indeed, even if Brown were a nonparty to this litigation, it would be subject to extensive discovery concerning these records. *Id.* at 1096.

■ Resolution of the two issues described above disposes of most of the discovery disputes between the parties. The Court will, however, specifically address the Rule 30(b)(6) deposition (and Rule 30(b)(5) Request for Production of Documents) of defendant Brown and the depositions of Ralph Cogdell and Ernest Brantley, managerial employees of Thurston and (after acquisition) of Brown. The Commission's second motion to compel addresses these matters. The Commission gave due notice of these depositions. When counsel for the Commission appeared in Charlotte, North Carolina on 23 June 1988 for the 30(b)(6) deposition of Brown, counsel for Brown announced for the first time that no representative of Brown would be designated for the deposition. Brown "tendered" its general counsel who would generally discuss Brown's acquisition of Thurston, but no deponent or evidence would be produced. Brown made no prior motion to the Court for a protective order, but unilaterally took the position that it would not be deposed. Further, deponents Cogdell and Brantley refused on several occasions to answer questions upon instruction of counsel. (*See* Cogdell Tr., pp. 10, 13, 14; Brantley Tr., pp. 7, 8, 26, and 27). The Court is alarmed at such flagrant violations of the Federal Rules of Civil Procedure with respect to these depositions, particularly with respect to the 30(b)(6) deposition of Brown. Brown had absolutely no right under the rules to refuse to designate a witness. If it had an objection to discovery, its opportunity was to request a protective order under Rule 26(c). (From the rulings set forth above, it is clear that such a request would have been denied.) Further, Cogdell and Brantley, managerial employees of Brown who were advised at their depositions by Brown's counsel, did not have the right to refuse to answer deposition questions upon asserted grounds of irrelevance or vagueness. *See Alexander v. Cannon Mills Co.,* 112 F.R.D. 404, 405–06 (M.D.N.C.1986). The Court now orders that the Rule 30(b)(6) deposition (and 30(b)(5) production of documents) of Brown be conducted in accordance with such notice as the Commission may give. The Commission may also, of course, notice a 30(b)(6) deposition of Thur-

ston. Cogdell and Brantley may be redeposed at the Commission's discretion. Further, the Court will impose sanctions against Brown in connection with its aborted 30(b)(6) deposition. Brown failed to designate and produce a Rule 30(b)(6) witness after having received proper notice, and failed to produce documents after proper requests, yet filed no request for a protective order. Such a failure to provide discovery cannot be tolerated and warrants the imposition of sanctions under Rules 37(d) and 37(a)(4). *See* Rule 37(a)(2). Brown's actions were not substantially justified. Sanctions shall include attorney's fees and expenses of the Commission in preparing the second motion to compel and arguing it before the Court. Counsel for the Commission may, within twenty (20) days, file an affidavit sufficient to support an award of attorney's fees and expenses. Brown may respond within twenty (20) days after service concerning the amount of the sanctions to be imposed and may request a hearing on that issue if it wishes.

In its motion to compel discovery, Thurston "moves to compel the Commission to provide complete responses to Interrogatory Nos. 2, 3, 4, 5, 6, & 7." (Thurston's Motion to Compel, p. 1.) The Court has reviewed the Commission's response to those interrogatories and finds nothing legally insufficient in those responses. The Court will direct that the Commission shall supplement its responses to these interrogatories within ninety (90) days of this order.

Effective discovery in this action has hardly begun. The time for discovery shall be extended to and including 15 May 1989. Further disputes in discovery will cause the Court to seriously entertain motions for additional or more severe sanctions.