962 F.2d 7
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Christine RODRIGUEZ, Plaintiff-Appellant,
v.
RICHMOND MEMORIAL HOSPITAL; Roy Williams; Ron Shea,
Defendants-Appellees.
 No. 91-2296.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 7, 1992
Decided: May 18, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CA-91-323-R)
 Christine Rodriguez, Appellant Pro Se.
 Patricia Kyle Epps, Jeffrey Mark DeBord, Hunton & Williams, Richmond, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Christine Rodriguez appeals from the district court's order granting summary judgment to Defendants on her complaint alleging employment discrimination in violation of Title VII, 42 U.S.C. § 2000e-5 (1988). We review the district court's grant of summary judgment de novo, applying the same standard applied by the court below. See Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1127-28 (4th Cir. 1987). We recognize that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 1128 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).
 
 
 2
 Rodriguez claims that she was not permitted to present "rebuttal testimony" to counter Defendants' evidence at the hearing on the motion for summary judgment. However, Rodriguez was permitted to file an opposing affidavit prior to the hearing. The affidavit contained only her own conclusory denials of the facts as presented by Defendants in their affidavits. She did not call into question the accuracy of their records as presented nor did she relate her allegations to the specific explanations given by Defendants. Moreover, Rodriguez was permitted to counter Defendants' arguments at the hearing. The record independently supports the district court's conclusion that there was no genuine issue of material fact and that Rodriguez failed to carry her burden of proof. Therefore, we affirm.
 
 I.
 
 3
 Christine Rodriguez was employed by Richmond Memorial Hospital ("Hospital") as a respiratory technician assistant on September 7, 1985. In November 1987, she requested some time off because of social security income limitations. The Hospital agreed and placed her on "on-call" status. She worked in this capacity until November 1989, when she returned to part-time status at her request. Rodriguez is currently employed by the Hospital on a part-time basis.
 
 
 4
 On May 12, 1990, Rodriguez filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging that she had been discriminated against based on her race: black. Specifically, she charged that the Hospital assigned her a greater workload than her coworkers. In addition, she alleged that she was harassed while on sick leave. The EEOC dismissed the charge, finding no cause to believe that the Hospital's actions were discriminatory.
 
 
 5
 Rodriguez filed this complaint in the district court on May 24, 1991, against the Hospital, Roy Williams, a former Director of Cardiopulmonary Services, and Ron Shea, a supervisor in the Respiratory Department. The complaint alleges that Rodriguez was discriminated against based on her race and age. Specifically, it alleges that (1) she was given a heavier workload than her co-workers; (2) she was harassed at home while on sick leave; (3) she was given an unexcused absence although she had a doctor's excuse; (4) her work status was changed from part-time to on-call and she was not given enough work; and (5) she received only one raise under Williams while working at the Hospital.
 
 
 6
 The district court granted Defendants' motion for summary judgment for reasons stated from the bench. Neither party has filed a transcript of the lower court's proceedings in the record on appeal. However, our review of the record discloses that summary judgment was proper in this case.
 
 II.
 
 7
 A. Claims Against Williams. Rodriguez attempted to serve Williams by mailing a copy of the summons and complaint to the Hospital. The Hospital returned Williams' copy because Williams had resigned and moved out of state. No further attempt was made to serve him.
 
 
 8
 The complaint against Williams was properly dismissed by the district court. Dismissal of a complaint is required if, as here, service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(j). Plaintiff has not shown good cause justifying her delay in serving Williams.*
 
 
 9
 B. Age Discrimination Claim. In her complaint, Rodriguez states that she believes "my age had something to do with it." However, Rodriguez never alleged age discrimination in the charge she filed with the EEOC. The timely filing of such a charge under the Age Discrimination in Employment Act is a prerequisite to filing suit in federal court. See Olson v. Mobil Oil Corp., 904 F.2d 198, 200 (4th Cir. 1990); 29 U.S.C. § 626(d) (1988). Although the requirement is not jurisdictional, Rodriguez has not justified equitable tolling in her case. Olson, 904 F.2d at 201 (limitations period not to be tolled unless failure to timely file results from deliberate act of employer or actions that the employer should have understood would cause the delay). Therefore, the district court properly dismissed this claim.
 
 
 10
 C. Allegation of Discriminatory Work Assignments. Rodriguez's complaint regarding discriminatory work assignments is limited to one period of time from February to April 1990. She claims that whites were given lighter workloads than she and other black employees and states that she knows such assignments were made with discriminatory motive because she could overhear other employees' assignments. However, in her deposition, she was unable to recall any particular employee's assignment nor could she recall her own for any particular day.
 
 
 11
 Daily work assignments are made to meet changing daily patient loads. Also taken into consideration are the different levels of complexity of the procedures required for each patient, the length of time required to complete them, and the level of expertise of the various staff members. Rodriguez had indicated to her supervisors that she did not like to work weekends, Mondays, or nights.
 
 
 12
 During the period from February 12 to April 12, 1990, there were twenty-three employees in Rodriguez's department of which fifteen were white and eight were black. Attached to Williams's affidavit are daily summaries of work assignments for the relevant period, based on the daily assignment sheets. There is no indication that she was discriminated against in any way in the assignments she was given. Rather, given her own requests regarding assignments which essentially limited her availability to four days, Defendants more than accommodated her.
 
 
 13
 Because Rodriguez has not shown that she was treated differently than similarly situated non-minorities, she has failed to make out a prima facie case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Wright v. National Archives & Records Serv., 609 F.2d 702, 713 (4th Cir. 1979).
 
 
 14
 D. Claim of Harassment While on Sick Leave. Rodriguez claims that she was harassed at home with telephone calls from her supervisor, Ron Shea, while she was out on sick leave. She also claims that she was given an unexcused absence even though she had a doctor's excuse and could not work because of her asthma.
 
 
 15
 Shea stated that the first time Rodriguez did not call in sick pursuant to Hospital policy, he explained the policy and allowed Rodriguez an excused absence. However, she failed to report her absence in advance on other occasions, at which time she received unexcused absences. Although Rodriguez contends she was the only employee against whom the policy has been enforced, Williams stated that just three months before Rodriguez was disciplined for taking sick leave without notifying her supervisor, another employee was disciplined the same way for a similar policy violation. Thus, Rodriguez has failed to establish a prima facie case of discriminatory treatment.
 
 
 16
 Moreover, Hospital policy establishes a legitimate nondiscriminatory reason for the Hospital's disciplinary action. Namely, employees are required to call in so that supervisors may adjust the work schedule and call in additional employees to cover, if necessary. Rodriguez has not shown that this reason is pretextual. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).
 
 
 17
 E. Claims Regarding On-Call Work. Rodriguez claims that she was put on an on-call (or "PRN") status and given fewer days of work than white employees who worked on an on-call basis. Rodriguez was placed on this status from November 2, 1987, until November 5, 1989. Because she did not file a discrimination charge with the EEOC until May 24, 1991, this claim is barred by the 180 day limitations period of Title VII. 42 U.S.C. § 2000e-5(e) (1988). See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Even if her charge with the EEOC was timely, it did not allege discrimination in connection with her PRN status, and therefore was improperly raised in her suit in federal court. See King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir. 1976).
 
 
 18
 Assuming, arguendo, that the claim was properly raised, Rodriguez admitted to requesting fewer hours in order to stay within her Social Security income limits. The PRN status allowed her to stay within the limits while earning a higher rate of pay. In addition, it permitted her to adjust her schedule according to her limits during any given month. Although she claims she was given fewer PRN hours than her white co-workers, the employment records establish that during the relevant time period, Rodriguez received more hours than many of her coworkers.
 
 
 19
 F. Claim Regarding Compensation. Rodriguez claims that her employer discriminated against her by denying her salary increases. This claim was properly dismissed because it was not part of the charge filed with the EEOC, and therefore was not administratively exhausted.
 
 
 20
 Moreover, the record establishes that Rodriguez received raises for every period in which she was eligible for an increase according to the Hospital's policies, including a merit increase effective December 1990. Her PRN status made her ineligible for merit increases. However, this status did not affect her eligibility for annual market adjustments, which she received in 1988 and 1989. Finally, Rodriguez failed to identify any non-black workers who were treated differently in this respect.
 
 
 21
 Because Rodriguez failed to make out a prima facie case of discrimination against any of the Defendants, we affirm the district court's order dismissing her complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Dismissals under Rule 4(j) are to be without prejudice. However, as discussed more fully later, the claims against Williams were properly dismissed on the merits