Gwenda PATRIDGE, Plaintiff,

v.

Marvin RUNYON, Postmaster General,
United States Postal Service,
Defendant.

No. CA3:93–CV–2134–BC.

United States District Court,
N.D. Texas,
Dallas Division.

April 5, 1995.

292

Gwenda Patridge, Dallas, TX, pro se.

Stafford Hutchinson, US Attorney's Office, Department of Justice, Dallas, TX, William H. Brown, Jr., United States Postal Service, Memphis, TN, for defendant.

### ORDER

BOYLE, United States Magistrate Judge.

Before the Court is the **Motion To Dismiss Or, Alternatively, For Summary Judgment,** filed December 1, 1994 by defendant Marvin Runyon, in his capacity as the Postmaster of the United States Postal Service (the "Postal Service"). Having read the pertinent pleadings, the Court **GRANTS** the motion for the reasons that follow.

### I. BACKGROUND [1]

Plaintiff, Gwenda Patridge ("Patridge"), was a city letter carrier for the Postal Service in Dallas, Texas. As a letter carrier, her primary job responsibilities included casing (sorting) and delivering the mail for her route. In December of 1992, Patridge's physician diagnosed her as schizophrenic and

restricted her employment activities. He indicated that, because of her condition, Patridge should neither drive a motor vehicle nor walk to deliver mail. She submitted a written request for a light duty assignment. On January 4, 1993, the Postal Service denied Patridge's request because it was unable to find a permanent light duty assignment for her. But it did permit Patridge to continue to sort the mail for her own route, which meant that she worked less than eight hours each day.

Patridge then filed an EEO complaint alleging that she had been discriminated against on the basis of her mental handicap and retaliated against for previous EEO activity. Specifically, she complained that, on December 4, 1992, she was sent home after casing mail because management did not have work for her. Patridge failed to report to work after January 5, 1993. After several months' absence, the Postal Service notified Patridge that she would be discharged for unsatisfactory attendance. Prior to such notification, however, Patridge had applied for and was approved for disability retirement.

Patridge now has filed a complaint in federal court, claiming that she was discriminated against on the basis of her mental handicap in the Postal Service's refusal to assign her light duty work and in her termination/retirement. The Postal Service denies Patridge's claims of discrimination and moves this Court for dismissal for lack of jurisdiction or, in the alternative, for summary judgment on her claims.

### II. JURISDICTION

█ It is well-settled that federal courts have no jurisdiction to consider the claims of an aggrieved party who has not exhausted her administrative remedies. *National Ass'n of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 711 (5th Cir.1994) (citing *Tolbert v. United States,* 916 F.2d 245, 247–48 (5th Cir.1990) (per curiam)). The EEOC charge of discrimination and the reasonably-related EEOC investigative proceedings limit

1. The following facts are taken from Defendant's Statement of Undisputed Facts and are sup- ported by documentation in the record.

the aggrieved party's subsequent right to institute a civil suit. *Id.* at 712 (quoting *King v. Seaboard Coast Line R.R. Co.,* 538 F.2d 581, 583 (4th Cir.1976)). The civil suit filed can encompass *only* the discrimination stated in the charge or developed in a reasonable EEOC investigation of that charge. *Id.*

The Postal Service argues that this Court does not have jurisdiction to consider Patridge's claims that she was discriminatorily terminated by the Postal Service or forced to take disability retirement because she never filed an administrative complaint reasonably related to these claims. Patridge's EEO complaint merely refers to the Postal Service's refusal to assigned her light duty work and to its retaliation for her prior EEO activity. Maclin Aff., ¶ 12; Ex. F. The Court agrees with the Postal Service and, accordingly, dismisses Patridge's claims of discriminatory termination and forced retirement. The Court finds, however, that, liberally construing Patridge's complaint, it does state a claim of handicap discrimination in her request for a light duty assignment.[2] And, because Patridge pursued her administrative remedies related to this claim, the Court concludes that she should be permitted to litigate it in federal court.

## III. SUMMARY JUDGMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material facts exists and that, as a matter of law, the movant is entitled to judgment. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Only disputes about those facts will preclude the granting of summary judgment. *Id.*

The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French*

*Lab.,* 919 F.2d 301, 303 (5th Cir.1990). If the non-movant bears the burden of proof at trial, the movant for summary judgment need not support the motion with evidence negating the opponent's case; rather, the movant may satisfy its burden by showing that there is an absence of evidence to support the non-movant's case. *Id.; Little,* 37 F.3d at 1075.

Once the movant makes this showing, the burden shifts to the non-movant to show that summary judgment is not appropriate. *Little,* 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' ... by 'conclusory allegations,' ... by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 871–73, 110 S.Ct. 3177, 3180, 111 L.Ed.2d 695 (1990); *Hopper v. Frank,* 16 F.3d 92, 97 (5th Cir.1994); *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir. 1994), respectively). Rather, the non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356 (quoting FED.R.CIV.P. 56(e)). In determining whether a genuine issue for trial exists, the court must view all of the evidence in the light most favorable to the non-movant. *Gremillion v. Gulf Coast Catering Co.,* 904 F.2d 290, 292 (5th Cir.1990) (citing *Bodnar v. Synpol, Inc.,* 843 F.2d 190, 192 (5th Cir.), *cert. denied,* 488 U.S. 908, 109 S.Ct. 260, 102 L.Ed.2d 248 (1988); *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986)).

### *Handicap Discrimination*

Patridge claims that she was illegally discriminated against because of her mental handicap, schizophrenia. Under the Rehabilitation Act, an "otherwise qualified individu-

2. Patridge's complaint states in pertinent part: I *Gwenda Patridge* am sueing the U.S. Post Master for one hundred million dollars because of continued harassment, refuseing full time employment to a full time employee; because of this my income was cut I was forced to retire on disability and later termenated in order to disrup disability retirement penchant.

al" who is handicapped cannot be discriminated against on the basis of that handicap by a federal employer. *See* 29 U.S.C. §§ 791, 794(a). In order to establish a claim under the Rehabilitation Act, the plaintiff must prove (1) that she is handicapped under the Act, (2) that she is an "otherwise qualified individual," and (3) that she was excluded from her position solely because of her disability. *Id.; see also Florence v. Frank,* 774 F.Supp. 1054, 1061 (N.D.Tex.1991); *Jasany v. United States Postal Serv.,* 755 F.2d 1244, 1249 n. 5 (6th Cir.1985).

■ Because the Postal Service does not dispute Patridge's claim that she is mentally handicapped, the threshold inquiry is whether she has proven herself to be "otherwise qualified" within the meaning of the Act. *Florence,* 774 F.Supp. at 1061. An otherwise qualified handicapped individual is "an individual with handicaps who, with or without reasonable accommodation, can perform the essential functions of the *position in question* without endangering the health and safety of the individual or others." 29 C.F.R. § 1614.203(a)(6) (emphasis added); *see also Southeastern Community College v. Davis,* 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979) (stating that otherwise qualified individuals include individuals who can meet the requirement of their position in spite of, not except for, the limitations imposed by their handicap). The employer is not required to accommodate a handicapped individual by eliminating one of the essential functions of her position. *Florence,* 774 F.Supp. at 1061; *Hall v. United States Postal Serv.,* 857 F.2d 1073, 1080 (6th Cir.1988); *see also School Bd. of Nassau County v. Arline,* 480 U.S. 273, 287 n. 17, 107 S.Ct. 1123, 1131 n. 17, 94 L.Ed.2d 307 (1987) ("Accommodation is not reasonable if it either imposes 'undue financial and administrative burdens' on [an employer] or requires 'a

fundamental alteration in the nature of the program.'") (citations omitted). If the handicap would prevent an individual from performing the position in question, then she cannot be found to be "otherwise qualified." *Florence,* 774 F.Supp. at 1061 (citations omitted). The burden is on the plaintiff to make an initial showing that she is otherwise qualified. *Jasany,* 755 F.2d at 1249–1250 (citing *Prewitt v. United States Postal Serv.,* 662 F.2d 292, 306–308 (5th Cir.1981)).

■ In this case, Patridge has failed to show that she is otherwise qualified for her position as a city letter carrier. The Postal Service, in its motion for summary judgment, contends that Patridge is not an otherwise qualified handicapped individual because she cannot perform the essential functions of her position. To support its contention, the Postal Service relies on the undisputed evidence that the job functions of a city letter carrier include the delivery of the mail.[3] Therefore, because Patridge's schizophrenia prevents her from driving or walking to deliver the mail, the Court concludes that she cannot perform an essential function of the position for which she was hired. *See Florence,* 774 F.Supp. at 1061–62 (finding plaintiff not qualified because could not perform essential functions of job, walking and carrying the mail); *Treadwell v. Alexander,* 707 F.2d 473, 477 (11th Cir.1983) (limiting relief under the Rehabilitation Act to plaintiffs who could perform the essential functions of the position if afforded reasonable accommodation).

■ Patridge does not disagree with the Postal Service that she is unable to perform the essential functions of a letter carrier, rather, she seems to contend that the Postal Service should have reassigned her to some unspecified permanent light duty position to accommodate her mental handicap. But "the

---

3. The job description for a city letter carrier states in pertinent part:

BASIC FUNCTION.—Is responsible for the prompt and efficient delivery and collection of mail on foot or by vehicle under varying conditions in a prescribed area within a city.

DUTIES AND RESPONSIBILITIES.—

\* \* \* \* \* \*

(D) Delivers mail along a prescribed route, on a regular schedule, picking up additional mail

from relay boxes. Collects mail from street letter boxes and accepts letters for mailing from patrons. Such service may be rendered on foot or by vehicle. . . .

Lewis Aff., Ex. K.

duty to reasonably accommodate only contemplates accommodation of a qualified employee's *present position.*" *Florence,* 774 F.Supp. at 1062 (emphasis added) (citation omitted). Furthermore, the case law under the Rehabilitation Act clearly shows that the Postal Service is not required to reassign Patridge or to create a new position for her. *Alexander v. Frank,* 777 F.Supp. 516, 524 (N.D.Tex.1991) (citations omitted); *see also Bey v. Bolger,* 540 F.Supp. 910, 927 (E.D.Pa. 1982) (interpreting Rehabilitation Act: "The Postal Service is not required under the law to offer 'light duty status' position to every person who applies because of the individual's handicap.").

The employer, however, "cannot deny an employee alternative employment opportunities reasonably available under the employer's existing policies." *School Bd. of Nassau County,* 480 U.S. at 289 n. 19, 107 S.Ct. at 1131 n. 19. Assuming *arguendo,* that the Postal Service has an existing policy to provide permanent light duty employment, it has submitted competent summary judgment evidence that such alternative employment opportunities were not available. The Postal Service attempted to find Patridge a permanent light duty position. Lewis Aff., ¶ 7; Ex. O, P & Q. But, because of the nature of her limitations and the large number of other employees already on light duty, there were no full-time permanent light duty positions available for Patridge. Lewis Aff., ¶ 7; Ex. R. Although the Postal Service did not have such a position available, there is no indication that Patridge was not given an opportunity to perform work other than delivering the mail. The Postal Service did offer Patridge part-time light duty work sorting her route, but she failed to report to work. Lewis Aff., ¶¶ 8, 9 & 12; Ex. S. *Cf. Carr v. Reno,* 23 F.3d 525, 529–30 (D.C.Cir.1994) ("We agree with the proposition that an essential function of any government job is an ability to appear for work. . . ."); *Wimbley v. Bolger,* 642 F.Supp. 481, 485 (W.D.Tenn 1986) ("If the [Postal Service] is to meet its statutory mandate to provide efficient mail service, it must have employees who can be counted on to come to work on a regular basis."). Therefore, based on this undisputed summary judgment evidence, the Court

finds that Patridge has failed to show a genuine issue of fact that she is an otherwise qualified handicapped individual under the Rehabilitation Act. Accordingly, the Court concludes that summary judgment as to this claim is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's **Motion To Dismiss Or, Alternatively, For Summary Judgment.**