Terry A. WILLIAMS, Plaintiff,

v.

MANCOM, INC.,[1] Defendant.

No. CIV.A. 204CV262.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 28, 2004.

John M. Loeschen, Esquire, Norfolk, VA, for Plaintiff.

Dean T. Buckius, Esquire, Lisa L. Thatch, Esquire, Vandeventer, Black LLP, Norfolk, VA, for Defendant.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on defendant's motion for summary judgment. For the reasons set forth below, defendant's motion is **DENIED**.

### I. Factual and Procedural History

Defendant formerly employed plaintiff, a 55–year old African–American female, as a data entry key operator. On October 7, 2002, she resigned from her position, and allegedly told defendant at that time that she had been discriminated against on the basis of her race and had been subject to racial harassment. Defendant allegedly informed plaintiff at the time of her resig-

---

1. Defendant's full legal name, Management Consulting, Incorporated, is frequently short- ened to "Mancon." Defendant does not go by "Mancom" as pleaded by plaintiff.

nation that it was designating her as a "do not hire" employee.

Subsequent to her October 7, 2002 resignation, plaintiff allegedly notified defendant's personnel staff on numerous occasions of her availability and interest in being hired for vacant positions advertised by defendant. Plaintiff alleges that, though she was qualified to fill these positions, she was never hired.

On April 18, 2003, plaintiff filed with the United States Equal Employment Opportunity Commission ("EEOC") and the Virginia Council on Human Rights a form charging defendant with discrimination (the "EEOC Charge"). In her EEOC Charge, plaintiff alleges that she was formerly employed by defendant, resigned from her employment in October, 2002, and that "[s]ince then, I have continually notified MANCON's personnel staff of my availability and interest in jobs that they advertise to [sic] which I am qualified, but I have not been contacted by them for employment." Plaintiff then charges that she has not been hired because of her age and race, in violation of the Age Discrimination in Employment Act of 1967 and the Civil Rights Act of 1964, respectively. In an area on the EEOC form which asks the complainant to check appropriate boxes to indicate what type of discrimination is being alleged, plaintiff checked the "race" and "age" boxes, but did not check "retaliation" as a basis for her unlawful discrimination charge.

The EEOC subsequently investigated plaintiff's allegations. On August 28, 2003, the EEOC issued a determination letter. The determination letter stated that though the evidence did not show that plaintiff was denied rehire on the basis of her age or her race, "[e]vidence [does] reveal [that] there is sufficient cause to believe [plaintiff] was denied rehire in retaliation for complaining of harassment and job discrimination." (Def's Mot. for Summ. Judgment, at Ex. A.) The determination letter then invited the parties to engage in efforts towards conciliation. Accompanying the determination letter was a proposed conciliation agreement.

Efforts at conciliation were unsuccessful. On January 28, 2004, the EEOC issued plaintiff a "right to sue" notice, stating that the EEOC "found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief to you." (Compl., attachment 2.) On April 23, 2004, plaintiff filed her complaint in the above-captioned civil action, seeking relief solely on the basis of retaliation in violation of Title VII of the Civil Rights Act of 1964 and 1991. Defendant was served with a summons and a copy of the complaint on May 11, 2004.

On June 1, 2004, defendant filed a motion for summary judgment with supporting papers. Defendant's motion asks the court to award it judgment on the basis that plaintiff failed to exhaust her administrative remedies prior to filing her federal suit. Specifically, defendant claims that because plaintiff did not particularly allege unlawful retaliation in her EEOC Charge, she is barred from making such a charge in her federal court complaint.

On June 4, 2004, plaintiff filed a memorandum in opposition to defendant's motion for summary judgment and, in the alternative, a motion under Rule 56(f) for a continuance until the completion of discovery. On June 9, 2004, defendant filed a reply brief. No hearing is necessary for the disposition of this matter. Defendant's motion for summary judgment is ripe for review.

## II. Analysis

Summary judgment is appropriate when a court, viewing the record as a whole and

in the light most favorable to the nonmoving party, finds that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.,* 763 F.2d 604, 610 (4th Cir. 1985).

■ A plaintiff cannot bring suit under Title VII unless and until she has exhausted her administrative remedies by bringing a charge with the EEOC. 42 U.S.C. § 2000e–5; *King v. Seaboard Coast Line R.R. Co.,* 538 F.2d 581, 583 (4th Cir.1976). The charge plaintiff files with the EEOC limits the scope of her subsequent right sue in federal court. *Smith v. First Union Nat'l Bank,* 202 F.3d 234, 247 (4th Cir. 2000). But, "[i]f a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit," even though those claims were not made explicit in the EEOC charge. *Id.* (citing *Chisholm v. United States Postal Serv.,* 665 F.2d 482, 491 (4th Cir.1981)).

■ The allegations in plaintiff's April 18, 2003 EEOC Charge are sufficiently related to the retaliation charge in her federal court complaint that summary judgment on the basis of failure to exhaust administrative remedies is not warranted.[2] Plaintiff's EEOC Charge alleges that she was formerly employed by Mancon, resigned from her position, and has since "continually notified MANCON's person-

nel staff of [her] availability and interest in jobs that they advertise to [sic] which I am qualified, but I have not been contacted by them for employment." The charge states that plaintiff believes she has not been rehired by defendant because of her age and race, in violation of the ADEA and Title VII of the Civil Rights Act, respectively. Where plaintiff has already suggested in her EEOC charge that race is a motivating factor in her former employer's decision not to rehire her, it is reasonable to expect that an investigation into whether defendant's motive for not considering plaintiff was discriminatory might uncover evidence of the related illegal motive of retaliation based on plaintiff's complaints of discrimination. Therefore, plaintiff has satisfied the administrative exhaustion requirement 42 U.S.C. § 2000e–5(f)(1), and her claim against defendant based on alleged retaliatory discrimination is properly before this court.

### *III. Conclusion*

For the reasons stated above, defendant's motion for summary judgment is **DENIED**. The Clerk is **DIRECTED** to mail a copy of this Opinion and Order to counsel for all parties.

**IT IS SO ORDERED.**

---

**2.** Contrary to what defendant asserts in its motion for summary judgment, EEOC complaints filed by individuals acting without the assistance of an attorney are not so strictly construed that a failure to check the "Retaliation" box on the EEOC charge form is necessarily fatal to the later assertion of a retalia-

tion claim. *See Gregory v. Georgia Dept. of Human Resources,* 355 F.3d 1277, 1280 (11th Cir.2004) (stating that courts are "extremely reluctant" to bar Title VII claims on the basis of procedural mistakes made by an individual acting without the assistance of counsel when completing an EEOC charge form).